**FILED**

JAN 3 0 2006

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Emanuel Brown, et, al./Plaintiff

#00594-158

P.O. Box 759
Minersville, PA 17954

V.

Wachovia Bank, et, al./Defendant

Attorney General/Alberto Gonzales/Defendant

U.S. Department of Justice/Defendant

Mr. Harley G. Lappin/Director/Defendant
U.S. Bureau of Prisons

U.S. Probation Department/Defendant, And
other named and unamed John & Jane Doe's

CASE NUMBER  1:06CV00153

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 01/30/2006

*JURY ACTION*

CASE RE-ASSIGNED
TO: COLLYER, J. RMC
SEP 28 2006

Civil Action_____

RICO Civil Remedies
Action

18 U.S.C.A.§1962(a)

18 U.S.C.A.§1962(c)

18 U.S.C.A.§1964(a)

18 U.S.C.A.§1962(d)

18 U.S.C.A.§1031(a)
(1) & (2)

18 U.S.C.A.§1341

18 U.S.C.A.§4.

18 U.S.C.A.§3579(e)
(1)

18 U.S.C.A.§3663(e)
(1)

28 U.S.C.A.§1331,
1332(a)

28 U.S.C.A.§1343 (a)
(1)-§1391(a)

Federal Rules of
Civil Procedure
Rule (23)

18 U.S.C.§371

Jury Trial Requested

Memorandum of Law

**RECEIVED**

JAN 0 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Now Comes, the plaintiff, **Emanuel Brown, et, al.,** respectfully brings this memorandum of law in support of his **(RICO)** Civil Complaint against the named and unamed defendant's for violations of various statutory laws as enacted by the U.S. Congress:

## STATEMENT OF FACTS

The Plaintiff was arrested on or about 4:30pm, on September 28, 1990, by the FBI in Philadelphia, Pa., for the crime of Bank Robbery committed in Greensboro, N.C., on September 13, 1990. The FBI claimed that they had a legally authorized Search & Seizure Warrant. This particular search & seizure warrant was allegedly issued on or about September 28, 1990, at 10:30pm. While the plaintiff was in the County Jail, the FBI was conducting an illegal search & seizure at the plaintiffs personal residence. (The plaintiff later discovered that the search & seizure warrant was not authorized; in addition, the plaintiff also discovered that the arrest warrant was bogus and fruadulent).

Proof of these allegations are available to the Court, if necessary! During this particular illegal search & seizure, the FBI confiscated approximately $67,365.85, that was allegedly found under a mattress. Without any proof and or evidence that this property was associated with the bank robbery committed on September 13, 1990, in Greensboro, N.C., the U.S. Government retained this monetary property indefinitely. The plaintiff never received a due process probable cause hearing, and the Government never filed any forfeiture proceedings.

(1)

This monetary property remained in the Government's possession, until after the plaintiff was convicted and sentenced. As part of the sentence, the district court ordered the plaintiff to pay the entire amount, less the money allegedly found under the mattress, to the Wachovia Bank towards an unlawful restitution order. In 1995, the plaintiff settled a Negligence Civil Suit against the U.S. Marshal's Service for $20,000.00. The privately retained counsel was to receive $5,000.00 and the plaintiff, $15,000.00. However, through deceit, fraud, and misrepresentation by private counsel, the plaintiff to his financial detriment, involuntarily agreed to allow the U.S. Government to send his $15,000.00 to the Wachovia Bank towards an illegal and void restitution order. Therefore, the Wachovia Bank has illegal possession of private property consisting of $82,365.85., that legally and rightfully belongs to the plaintiff, **Emanuel Brown**.

## VOID ORDERS ARE VOID EVEN BEFORE REVERSAL:

See, **Valley V.Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S Ct 116 (1920).** Courts are constituted by authority and they cannot go beyond that power delegated to them.

If they act beyond that authority, and certainly in contravention of it their judgments and orders are regarded as nullities. They are not voidable, but simply <u>void</u> and this even prior to reversal.

**Old Wayne Mut. I. Assoc. V. Mc Donaugh, 204 U.S. 8, 27 S.Ct 236 (1907); Williamson V. Berry, 8 How. 495, 540, 12 L Ed 1170, 1189 (1850); Rose V. Himley, 4 Cranch 241, 269, 2 L Ed 608, 617 (1808).**

## RICO Standard of Review:

The RICO statute grants standing to [a]ny person injured in his business or property by reason of a violation of section 1962.... 18 U.S.C.A.§1964(c).

To demonstrate standing, a plaintiff must plead, at a minimum, "(1) the defendant's violation of **1962**, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation". This third requirement is satisfied if the defendant's injurious conduct is both the factual and the proximate cause of the injury alleged. Justice O'Conner, joined by Justice White and Stevens, reasoned that standing under **§1964(c)** focuses only on the "injury" of any person, not on the legal right of such plaintiff to sue for violations of the predicate acts. See, **Lerner V. Fleet Bank, N.A.**, 318 F.3d 113 (2nd Cir. 2003). And **Holmes V. Sec. Inv. Prot. Corp.**, 503 U.S. 258, 112 S.Ct 1311, 117 L.Ed 2d 532 (1992).

It is well established in this Circuit that where mail fraud is the predicate act for a civil RICO claim, the proximate cause element articulated in Holmes requires the plaintiff to show "reasonable reliance". See, **Bank of China, New York Branch V. NBM LLC**, 359 F.3d 171 (2nd Cir. 2004).

In the instant Class Action Suit, the defendant's, **Wachovia Bank, et, al.,** and other FDIC insured financial institutions, along with the **United States Attorney General,** the **U.S. Department of Justice,** the **U.S. Bureau of Prisons,** and the **U.S. Probation Department,** has conspired and continue to conspire with each other in violation of **18 U.S.C.A.§1962(d),** and **18 U.S.C.A.§371,** by sending and receiving illegal restitution payments through the U.S. Mail, via the United States Postal Service, in violation of **18 U.S.C.A.§1341.**

(3)

See, **Cedric Kushner Promotions V. King**, 533 US 158, 150 L.Ed 2d 198, 121 S.Ct 2087 (2001).

"Further, to apply the RICO statute in present circumstances is consistent with the statutes basic purposes as this court has defined them. The court has held that RICO both protects a legitimate "enterprise" from those who would use unlawful acts to victimize it, **United States V. Turkette**, 452 US 576, 591, 69 L.Ed 2d 246, 101 S.Ct 2524 (1981),

and also protects the public from those who would unlawfully use an "enterprise" (whether legitimate or illegitimate) as a "vehicle" through which "unlawful....activity is committed". **National Organization for Woman, Inc., supra, at 259, 127 L.Ed 2d 99, 114 S.Ct 798.**

Also, in the instant case, the defendant's are violating **18 U.S.C.A. §4.** and 18 U.S.C.A.§1031(a)(1) & (2).    §1031(a)(1) & (2) reads as follows:

"(a) Whoever knowingly executes, or attempts to execute, any scheme or artifice with the intent-(1) to defraud the United States; or (2) to obtain money or property by means of false or fraudulent pretenses, representations, or promises,.....

Every FDIC insured financial institution who has received a restitution payment based upon a null & void restitution order, or in contravention of the statutory law, is guilty of violating this particular statute. In addition, the defendant's are equally guilty of violating **18 U.S.C.A.§4. (Misprison of felony).**

"Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both".

(4)

Every FDIC insured financial institution and the U.S. Attorney
General, along with the U.S. Attorney's around the country, know
or should have known that no <u>victim</u> can be compensated twice for
their alleged loss, nor can the district courts order restitution
for victims who has received or is about to receive compensation
for their alleged loss. (This statement applies to defendant's who
may have received unlawful restitution payments between January 1,
1983, and April 24, 1996.)

**<u>Restitution Law Between January 1, 1983 & April 24, 1996:</u>**

Title 18 U.S.C.§3579(e)(1), §3663(e)(1):

"The Court <u>shall not</u> impose restitution with respect to a loss for
which the victim has received or is to receive compensation, except
that the court may, in the interest of justice, order restitution
to any person who has compensated the victim for such loss to the
extent that such person paid the compensation. An order of resti-
tution shall require that all restitution to victims under such
order be made before any restitution to any other person under such
order is made". In the instant case, the trial judge stated:
"Reviewing the financial information in the Presentence report, it
is determined that Mr. Brown is unable to pay a fine, and, therefore,
no fine will be imposed. It is ordered, however, that restitution
be paid to Wachovia Bank in such amounts as shall be directed by
the probation officer during the period of supervised release".
s.t.page (79).

(5)

On page 81 of the sentencing transcript, U.S. Probation Officer
Rhodes asked the trial judge; If your honor please, did you mention
the amount of restitution? The judge responded: Well, the amount
of restitution would be the entire amount minus the amount of
money that was found under the mattress. After reviewing these
statements by the district court, one would have to wonder and or
quess what was the total restitution ordered, and what amount of
money was allegedly found under a mattress in the plaintiff's
personal residence. This certainly is not the specific findings
of facts required by the restituttion statute.

See, Title **18**, Section §3664(a):

"The Court, in determining whether to order restitution under sec-
tion §3579 of this title and the amount of such restitution, shall
consider the amount of the loss sustained by any victim as a result
of the offense, the financial resources of the defendant, the finan-
cial needs and earning ability of the defendant and the defendant's
dependents, and such other factors as the court deems appropriate".
Also, in view of the fact that the district court had sentenced the
plaintiff (who was 42 years old at the time of sentencing) to a 330
month sentence, the district court should have also considered

**18 U.S.C.A.§3663(d):**

"To the extent that the court determines that the complication of
prolongation of the sentencing process resulting from the fashioning
of a order of restitution under this section outweighs the need to
provide restitution to any victim, the court may decline to make
such  an order".

(6)

See, **U.S. V. Johnston**, 199 F.3d 1015 (9th Cir.1999), "The language of the VWPA as of the date pertinent here, was clear: A Court had no authority to "impose restitution with respect to a loss for which the victim has received or is to receive compensation. The Government is correct that the record shows no evidence that the victims were compensated. What the government omits to mention, though, is that the question appears not to have been addressed at all by the district judge. The absence of an answer when the question itself was never asked cannot excuse the initial failure to make the appropriate inquiry. Under the statute, in its then-existent form, the appropriate procedure required the district court to ensure at the sentencing hearing that there would be no duplication of restitution".

**United States V. Durham**, 755 F.2d 511 (1985), [6], "The record of the sentencing hearing is devoid of any indication that the trial court considered Durham's financial condition. The trial court also failed to make a finding with respect to whether Cumberland Valley, a federally insured bank, "has received or is to receive compensation" for its unrecovered losses. These duties are clearly mandated by the statute".

**United States V. Atkinson**, 788 F.2d 900 (2nd Cir. 1986), "It is imperative that restitution not be imposed without the court's considering third-party payments". **United States V. Bruchey, 810 F.2d 456 (4th Cir. 1987).**

"In addition, sentencing statutes like the VWPA themselves impose important substantive and procedural limitations on the trial judges discretion...[3], "Since Congress has seen fit to require the several determinations of §3580(a), we are in turn obligated to insure that they are made.

(7)

[4], First, §3580(a) requires a calculation of the victim's loss. There was no dispute here that the defendant embezzled $50,000.00. However, §3579(e)(1), explicitly provides that the court cannot impose restitution for a loss "for which the victim has received or is to receive compensation". Under 18 U.S.C.§3664(a), the court, in determining whether to order restitution under section §3579 of this title and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependent's, and such other factors as the court deems appropriate". See, **U.S. V. Karam, 201 F.3d 320 (4th Cir. 2000).** Court's have no inherent authority to order restitution but must do so only as authorized by strictly construed statutes. **United States V. Gilberg, 75 F.2d 15, 22 (1st Cir.1996).** In the instant case, the district court ordered that the money allegedly found under a mattress (which was $67,000.00) be applied to an unlawful restitution order. The court in **Gilberg** further stated; Our review of the relevant portions of the VWPA thus leads us to conclude that Congress' careful enumeration of the means by which a restitution order may be enforced, and its designation of those parties authorized to proceed with that enforcement, is intended to be exhaustive. We therefore hold that a district court is limited to affecting the enforcement of a restitution order only as expressly provided by the VWPA.

See, **U.S. V. Comer, 93 F.3d 1271 (6th Cir. 1996)**, "18 U.S.C. §3663
**(b)(1)**. Thus, the statute explicitly directs the district court to
order restitution of a particular amount or value, but does not
necessarily authorize an order that the restitution be paid from
a particular <u>fund or asset</u>". Moreover, **§3612**, entitled "Collection
of an unpaid fine", delegates to the Attorney General the responsi-
bility for collecting unpaid fines and requires notification upon
determination of delinquency and default. The plaintiff respectfully
states that the district court in the instant case, had no statutory
authority to order money found in the plaintiff's personal residence
be paid towards an illegal restitution order. The government did not,
and could not prove that the $67,365.85.00 confiscated from the
plaintiff's residence on September 28, 1990, was associated and or
part of the money stolen from the Wachovia Bank on September 13, 1990.
There was reliable trial testimony from several witnesses that the
plaintiff co-owned (2) Nightclubs and a Restaurant. Plus the fact,
the plaintiff filed income taxes for $30,000.00 of the $67,365.00.
Also, the district court violated **18 U.S.C.A. §3553(d):**
Section (d) Presentence procedure for an order of notice-prior to
imposing an order of notice pursuant to section §3555, the court
shall give notice to the defendant and the government that it is
considering imposing such an order. Upon motion of the defendant
or the government, or on its own motion, the court shall-
(1) permit the defendant and the government to submit affidavits
and written memoranda addressing matters relevant to the imposition
of such an order;

(9)

(2) afford counsel an opportunity in open court to address orally
the appropriateness of the imposition of such an order; and, (3)
include in its statement of reasons pursuant to subsection (c)
specific reasons underlying its determinations regarding the nature
of such an order.

If before the plaintiff's sentencing hearing, a private insurer,
or Wells Fargo Armored Car Service had already paid the Wachovia
Bank for its alleged $371,000.00 loss, the district court, in the
interest of justice, could have ordered any restitution to a third
party, if the court had also determined that the plaintiff could
reasonably have been expected to pay it. See, **U.S. V. Williams,
911 F. Supp. 504 (N.D. Ala. 1996).**

"The government attempted to transfer restitution payments from
the victim to the Alabama Crime Victim Compensation Commission.
The district court stated on page (506), "Second, and of utmost
importance, there is nothing in the pertinent provision of the
Victim and Witness Protection Act **(18 U.S.C.§3663)**, that expressly
permits or inferentially contemplates an assignment by a victim
to another of her judgment of restitution <u>after</u> the sentencing
order has been entered. At the original and only sentencing hear-
ings conducted in this case, no evidence was offered to suggest,
much less to prove, that either a victim's estate or the victim's
mother had received or would receive compensation from any other
source for the victim's funeral costs. There are reasons other than
those implicit in the foregoing discussion why this court will not
grant the request here being urged by the United States Attorney
on behalf of an agency of the State of Alabama.....

(10)

.....The most important of these reasons is that this court lacks the <u>power</u> to grant the motion. To grant it would encourage United States Attorney's to undertake the highly unusual and questionable representation of assignees of restitution orders, with no statutory basis for such a representation". See, **United States V. Gomer, 764 F.2d 1221 (1985);**

[6], "The third and final argument against finding error below is that the seized funds were in fact the proceeds of the bank robberies. If the funds were stolen, then neither <u>Gomer</u> nor his dependents had any claim to them, whatever their financial straits. While there may have been evidence to support such a finding, the district judge did not deem it necessary to reach the issue. Instead, he advised <u>Gomer</u> that the funds confiscated from him could be applied toward restitution regardless of their origin. This was not completely correct. Although it is true that a restitution order could reach any of <u>Gomer's</u> funds regardless of their source, the origin of the funds was relevant in the sense that the district judge had to consider the needs of <u>Gomer's</u> dependents if he found that the funds were not the proceeds of the bank robberies. The district judge therefore erred in refusing to reach this issue. It is surprising that the district judge did not explicitly acknowledge a sentencing factor expressly required by statute in all cases. In the instant case, the district judge did not make any findings of fact, that the illegally confiscated $67,365.85.00 was proceeds from the bank robbery.

(11)

Furthermore, it should be noted by this Honorable Court that the
Government failed to meet its burden, which the Act explicitly
places on it, to demonstrate the amount of the loss sustained by
the victim. **(18 U.S.C.§3580(d).** A representative from the Wachovia
Bank was not present during the sentencing proceedings to authenti-
cate the  bank's alleged $371,000.00 loss; and the government did
not provide the district court with any evidence of a certain finan-
cial loss, by the Wachovia Bank or any possible private insurer.
In essence, the Wachovia Bank and any possible third party insurer
has waived any legal right to claim entitlement to the $67,365.00,
and the $15,000.00 that was given to the Wachovia Bank towards an
illegal null & void restitution order. See, **United States V. Frank-
lin, 792 F.2d 998 (11th Cir. 1986).**

"The court of appeals did not have authority to entertain an appeal
by victim who was dissatisfied with amount of restitution ordered
pursuant to Victim and Witness Protection Act, considering that
victim was not a party to the sentencing proceeding in district court.
**(18 U.S.C.A.§3579, 3580.)**

As a matter of statutory law and due process of law under the U.S.
Constitution, the restitution order in this case is a nullity & void.
Every plaintiff in this Class Action Lawsuit who has received an
illegal and unlawful restitution order by their sentencing judges,
should receive from the Federal Claims Court and or their alleged
victims, the full financial return of every penny they paid towards
a void restitution order.  The plaintiff's are not responsible for
unlawful restitution orders......

(12)

The U.S. Government, via the U.S. Probation Department, should
have alerted the district court's that they were violating, possibly,
several, restitution statutes in ignoring or disregarding the speci-
fic language of the Victim and Witness Protection Act.  Even though
U.S. Bureau of Prisons Policy Statement **(P5380.08)** 8-15-2005, page
5, [(2) Court-ordered restitution;] states;

"A defendant's obligation to pay restitution ceases on a circuit-by
circuit basis for inmates convicted prior-to April 24, 1996. **18
U.S.C.§3613(b),** the BOP still continues to collect unlawful resti-
tution payments from inmates throughout the BOP, who were sentenced
prior to April 24, 1996.

The bottom line is that there are probably thousands of potential
plaintiff's incarcerated and non-incarcerated who were sentenced
between January 1, 1983 and April 24, 1996, who were ordered to pay
restitution in violation of the Victim and Witness Protection Act.
The time is long overdue for any United States District Court to
issue an official court order to all FDIC insured financial insti-
tutions to return any and all illegally converted personal property
to its rightful owner, and that the U.S. Attorney General via the
U.S. Department of Justice, and the U.S. Bureau of Prisons, cease
and desist receiving illegal restitution payments, and with the
complete cooperation of all financial institutions who received
unlawful restitution payments from the BOP, return previously paid
restitution payments to the victims of null & void restitution orders.
This Honorable Court can determine if interest penalties should also
be applied to the return of this illegally seized property!

(13)

Also, the Plaintiff respectfully request that, after this Honor-
able Court makes the determination that the Unlawful Restitution
Order, in this particular case is **Void** as a matter of statutory
law, that the court consider ordering the Wachovia Bank to return
the $82,365.85 to the PLaintiff, under the All Writs Act, 28 U.S.C.
A. §1651(a). See, **U.S. V. Venneri, 782 F. Supp. 1091 (D.Md. 1991)**;
page 1094, "Supreme Court hastened to point out: The All Writs Act
is a residual source of authority to issue writs that are not other-
wise covered by statute. Where a statute specifically addresses
the particular issue at hand, it is that authority, and not the All
Writs Act, that is controlling. Although that Act empowers federal
courts to fashion extraordinary remedies when the need arises, it
does not authorize them to issue ad hoc writs whenever compliance
with statutory procedures appears inconvenient or less appropriate.
Consequently, before resorting to the authority of **§1651(a)**, a
court must find that no statutory alternatives exists for the same
purpose". In this case, no such alternative exists. Venneri paid
money to Marriott as a consequence of an unconstitutional con-
viction, and principles of justice require no less than a full
refund of that money. See, **United States V. Friedman, 143 F.3d 18,
(1st Cir.1998)**; The Plaintiff has been unable to find any other
case law, whereas, the District Court or an Appellate Court allowed
the use of the All Writs Act, under **28 U.S.C.A.§1651(a),** to give
a court the authority to order the reimbursement of funds already
paid towards an unconstitutional restitution order. In any even't
the Plaintiff respectfully request that this Honorable Court use
any authority under the Restitution Act prior to April 24, 1996,
or any Federal Rules of Civil Procedure, that will accomplish the ....

(14)

...same judicial remedy as the <u>All Writs Act</u>. Assuming of course, that this Honorable Court declines to grant judicial relief under 28 U.S.C.A.§1651(a).

**CONCLUSION:**

Once again the Plaintiff respectfully request that this Honorable Court, in the interest of justice, appoint qualified counsel to represent the best interests of all the Plaintiff's who may be affected by this particular Class Action Lawsuit, and to assist the court in properly adjudicating this lawsuit in the United States District Court, for the District of Columbia. The numerous legal and factual issues are too complicated for the average or even the best jail-house lawyer to deal with individually and alone. The discovery process alone would be very complex and difficult for any Plaintiff to tackle without the legal assistance of compe-tent and trained counsel who has previous litigation experience in Class Action Lawsuits.

Respectfully Submitted,
Emanuel Brown, et, al. Pro-Se
P.O. Box 759 #00594-158
Minersville, Pa. 17954.

Emanuel Brown

Signature

(15)

IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| Emanuel Brown, et, al./Plaintiff | Civil Action_____ |
| | RICO Civil Remedies Action |
| V. | |
| | 18 U.S.C.A.§1962(a) |
| Wachovia Bank, et, al./Defendant | 18 U.S.C.A.§1962(c) |
| Attorney General/Alberto Gonzales/Defendant | 18 U.S.C.A.§1964(a) |
| U.S. Department of Justice/Defendant | 18 U.S.A.C.§1962(d) |
| Mr. Harley G. Lappin/Director/Defendant U.S. Bureau of Prisons | 18 U.S.A.C.§1031(a)(1)(2) |
| U.S. Probation Department/Defendant, And other named and unamed John & Jane Doe's | 18 U.S.C.A.§1341 |
| | 18 U.S.C.A.§4. |
| | 18 U.S.C.A.§3579(e)(1) |
| | 18 U.S.C.A.§3663(e)(1) |
| | 28 U.S.C.A.§1331, 1332 (a) |
| | 28 U.S.C.A.§1343(a)(1) 1391(a) |
| | Federal Rules of Civil Procedure Rule (23) |
| | 18 U.S.C.§371 |

Jury Trial Requested

06 0153

**FILED**

JAN 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In the instant Complaint Emanuel Brown, et, al., is the PLaintiff,
who is presently a federal prisoner, as well as a citizen of the
United States. The plaintiff caused this (RICO) Class Action Com-
plaint to be submitted and filed as a pro-se litigant from F.C.I.
Schuylkill, Minersville, Pa.

This RICO Complaint is brought forth by alleging violations of
the plaintiff's protected constitutional and statutory rights as
guaranteed by the Act of Congress of the United States.

On the face of the Complaint, the named private corporation and
other U.S. Government officials and or federal agencies, has, for
over (22) years, violated the plaintiff's constitutional right
to due process of law, and retained private property in violation
of statutory law and federal appellate court precedent case law.
There are hundreds and perhaps, thousands of Restitution Decisions
that were determined by the Federal Circuit Courts around the
country, reversing decisions by the lower district courts, who
had abused their discretion in ordering unlawful restitution pay-
ments for the benefit of private corporations, who by not appearing
personally at the sentencing hearing, waived any claim to resti-
tution compensation.

This particular RICO conspiracy is continuous and ongoing.
The Plaintiff's respectfully request a jury trial in this case.

(i)

## Jurisdiction:

This is a <u>RICO</u> Class Action Lawsuit under, **28 U.S.C.A.§1331,**
**1332(a).,** 28 **U.S.C.A.§1343(a)(1);** 28 **U.S.C.A.§1391.,** and **Federal**
**Rules of Civil Procedure, Rule (23).**

This Honorable Court has jurisdiction over these proceedings to
entertain and hear claims of constitutional and statutory violations,
where the plaintiff's, invokes the jurisdiction of this Honorable
court to hear their claims.

This cause of action is brought under federal civil authority
which provides:

Every person who's under the color of any statute, ordinance, or
regulation custom, or usage of any state or territory of the
District of Columbia, subjects, or cause any citizen of the United
States or other persons within the jurisdiction thereof to the
deprivation of any rights, privileges, <u>property</u>, or immunities
secured by the Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity or other proper pro-
ceedings for just and appropriate redress.

And for the purposes of this section, any act of Congress of the
United States.

## PARTIES:

<u>Emanuel Brown</u>, et, al., Plaintiff, and other similarly situated
plaintiff's, past and present, who were victimized by illegal,
null & void restitution orders by U.S. District Courts:

<u>The Wachovia Corporation,</u> et, al., and other John & Jane Doe,
financial institutions within the United States who between January
1, 1983 and April 24, 1996, received unauthorized restitution pay-
ments from the U.S. District Court, the U.S. Probation Department:···

....and the U.S. Bureau of Prisons.

U.S. Attorney General Alberto Gonzalez; et, al.
Individual and Official Capacity:

Director Of The U.S. Bureau Of Prisons/Harley G. Lappin
Individual and Official Capacity:

The U.S. Department of Justice, et, al.

TheU.S. Department Of Probation:

Each of the defendant's named and unamed, has directly or indirectly
contributed to the continuous pattern of illegal and unlawful
conspiracy in violation of 18 U.S.C.§1962(d), and 18 U.S.C.§371,
in depriving every plaintiff affected by their illegal actions, the
due process right under the Fourth and Fifth Amendments, to the
legal entitlement to personal property that was seized and or volun-
tarily given to the U.S. Government in violation of statutory law.

**Claims For Cause Of Action:**

The Plaintiff, Emanuel Brown, et, al., has filed this RICO action
against the named and unnamed defendant's, in this action, where the
defendant's acted under the color of federal law through their
individual and official capacities.

Consequently, the defendant's failed and violated the plaintiff's
constitutional and statutory rights depriving the plaintiff's
their due process rights to property that was seized and or volun-
tarily given to the U.S. Government in violation of statutory law,
and precedent federal appellate circuit law.

The named and unnamed defendant's knew or should have known that
the receipt and detention of personal property, without statutory
authority, is a constitutional due process violation against any
plaintiff who was ordered to pay unlawful restitution between
January 1, 1983, and April 24, 1996.

(iii)

Emanuel Brown, et, al., and other similarly situated plaintiff's, constitutional rights were violated by the defendant's under clearly established law, by the defendant's in a manner consistent with a wholesale conspiracy, to keep and retain personal property, that was not authorized by law or statute.

**Relief For Damages:**

Wherefore, Emanuel Brown, et, al., and other similarly situated plaintiff's, request this Honorable Court to grant the following(s): Issue an official court decree and or order, declaring that all money and or personal property, seized and or voluntarily given to the U.S. Government that was ultimately transferred to FDIC insured financial institutions, towards an illegal and null & void restitution order, be returned, (with interest), to any and all victim plaintiff's, who had to pay unlawful restitution that was ordered in violation of statutory restitution law, between January 1, 1983, and April 24, 1996.

Issue an official court order to cease and desist, against every FDIC insured institution, the U.S. Department of Justice, The U.S. Bureau of Prisons, the United States Attorney Generals Office, and the U.S. Probation Department, to stop receiving and collecting unlawful restitution payments from plaintiff's who were sentenced between January 1, 1983, and April 24, 1996, who were ordered to pay restitution in violation of statutory law.

Respectfully Submitted,
Emanuel Brown, et, al.
Plaintiff/Pro-Se
P.O. Box 759 #00594-158
Minersville, Pa. 17954.

Emanuel Brown

(iv)