FILED
JAN 30 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMANUEL BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06 0153 |
| ) | |
| WACHOVIA BANK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

This matter is before the Court for consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. Plaintiff states that he was arrested on September 13, 1990 and was charged with robbery of a Wachovia branch in Greensboro, North Carolina. He further states that a search warrant executed on September 28, 1990 yielded $67,365.85 hidden under a mattress at plaintiff's residence. He challenges the restitution order pursuant to which both the cash seized on September 28, 1990 and the proceeds of a settlement of a separate civil action were diverted for payment to defendant Wachovia Bank. He claims that Wachovia Bank and the federal agencies and officials which effected the payments conspired to deprive him of property in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*.

The Court will dismiss this action for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b). The sentencing court is required to order restitution if the

1

defendant commits a crime of violence, such as bank robbery. *See* 18 U.S.C. §§ 16, 2113, 3663A(c)(1). If a person obligated to provide restitution "receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Furthermore, because RICO does not contain an express waiver of the federal government's sovereign immunity, the federal defendants are immune from a suit filed pursuant to RICO. *See Donohue v. Federal Bureau of Investigation*, 204 F.Supp. 2d 169, 173-74 (D. Mass. 2002).

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ _____
United States District Judge

DATE: 1-24-06