IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA


Emanuel Brown, et,al/Plaintiffs

        V.

Wachovia Bank, et,al/Defendants        Civil No: 06-0153


Comes Now, the Plaintiff, Emanuel Brown, respectfully states the
following:

On January 1, 2006, the Plaintiff filed a **18 U.S.C. §1961 et seq.**
RICO Civil Action against the **Wachovia Bank; U.S. Attorney General
Alberto Gonzalez; U.S. Department of Justice; U.S. Bureau of Prisons
Director, Harley G. Lappin; U.S. Probation Department;** and named
and unnamed **John & Jane Doe's.**

On January 24, 2006, the U.S. District Court for the District of
Columbia dismissed the Plaintiff's petition with prejudice.

On February 13, 2006, the Plaintiff filed an appeal to the U.S.
Court of Appeals for the District of Columbia. On July 14, 2006,
the U.S. Court of Appeals remanded the case back to the U.S. Dis-
trict Court for the District of Columbia. On September 11, 2006,
the U.S. Court of Appeals issued an official Mandate to the U.S.
District Court for the District of Columbia. On October 2, 2006,
the Plaintiff filed for the appointment of Class Counsel under the
Federal Rules of Civil Procedure, Rule **23(g)(1) & (2).** On October
16, 2006, the U.S. District Court for the District of Columbia,
denied the Plaintiff's application for the appointment of counsel
without prejudice.

The below named individuals are being included as **Defendants**
for the following reasons: Defendants: **John M. Johnston**, former
FBI Agent; Asst. U.S. Attorney, **John W. Stone Jr.**, and **Kennedy
Thompson**, Chairman of the Wachovia Bank.

Count (1):
----------

Retired FBI Agent John M. Johnston, on September 28, 1990, between
4:30pm and 6:30pm, with the assistance of other FBI Agents, illegally
seized $67,365.85 and a 1985 Cadillac Coupe Deville, from the Plain-
tiff's personal residence in Philadelphia, Pa., in violation of the
Fourth Amendment of the U.S. Constitution. The 1985 Cadillac was
never applied to the unlawful restitution order, and the $67,365.85
was never returned to the Plaintiff. The U.S. Attorney's Office
in Greensboro, N.C., informed the FBI in Philadelphia, Pa., that
the Wachovia Bank or the U.S. Attorney's Office in Greensboro,
N.C. had no interest in the 1985 Cadillac that was purchased by
the Plaintiff at a Pennsylvania Auto Aution for $5,500. For personal
reasons unknown to the Plaintiff, FBI Agent Johnston decided to
keep the 1985 Cadillac.

Count (2):
----------

Soon after September 28, 1990, a unknown John Doe, U.S. Marshall,
either in the State of Pennsylvania, or North Carolina, accepted
receipt of this illegally seized property belonging to the Plain-
tiff. The Plaintiff has documented legal proof that the alleged
Search & Seizure Warrant allegedly issued at 10:30pm, was never
authorized by a Philadelphia, Pa., U.S. Magistrate!

(2)

**Count (3):**

On July 10, 1991, the U.S. District Court for the Middle District of North Carolina, ordered that the $67,365.85 be given to the Wachovia Bank towards an illegal restitution order.

**Count (4):**

On August 9, 1991, and November 21, 1991, the U.S. Government, via Asst. U.S. Attorney, John W. Stone Jr., filed a "Praecipe for Writ of Execution". On November 25, 1991, these writs were allegedly granted by the district court despite the lack of an authorized signature.

**Count (5):**

On February 3, 1992, the U.S. Government, via a unknown John Doe U.S. Marshall, forwarded a U.S. Treasury check to the United States Attorney, Robert H. Edmunds Jr., in the amount of $67,365.85.

**Count (6):**

Asst. U.S. Attorney John W. Stone Jr., applied to the district court for a Writ of Execution, but intentionally and or inadvertantly sent a copy of this Writ to the Plaintiff's personal residence at 5238 Kingsessing Ave., Philadelphia, Pa., despite the fact that Mr. Stone knew or should have known in advance that the Plaintiff remained in continuous physical custody since his illegal arrest on September 28, 1990. The Plaintiff also has documented proof that no U.S. Magistrate Judge in the State of North Carolina issued a Warrant for the arrest of Emanuel Brown or Charles Walker, on September 26, 1990!

(3)

**Count (7):**

Asst. U.S. Attorney John W. Stone Jr., knew or should have known that the application of the **Federal Debt Collection Procedure Act** was enacted on November 29, 1990, and became effective statutory law on May 29, 1991, and did not apply to the Plaintiff's conviction and subsequent sentence of a court ordered restitution. The Plaintiff was convicted on March 13, 1991, and sentenced on July 10, 1991.

**Count (8):**

Asst. U.S. Attorney John W. Stone Jr., knew or should have known that the district court's restitution order on its face, was not authorized by statutory law and Fourth Circuit Court of Appeals precedent case law.

**Count (9):**

Asst. U.S. Attorney John W. Stone Jr., also knew or should have known that the Plaintiff never received a **Due Process** probable cause hearing relating to the illegal seizure of this property, in direct violation of the Fifth Amendment to the U.S. Constitution.

**Count (10):**

Asst. U.S. Attorney John W. Stone Jr., should have known that, if the U.S. Government intended to retain the Plaintiff's property indefinitely, the U.S. Government should have filed for the forfeiture of this particular property, and or sought out an official court order to retain this property prior to the Plaintiff's conviction and sentence.

(4)

**Count (11):**

The Plaintiff, prior to the filing of this (RICO) Civil Action, wrote several letters to Mr. Kennedy Thompson, the Chairman of the Wachovia Bank, requesting that the illegally seized property, consisting of $67,365.85 that was unlawfully given to the Wachovia Bank by the U.S. Government in 1992, and the $15,000, be returned to the Plaintiff forthwith. Mr. Thompson incorrectly claimed that the Wachovia Bank received this property via due process of law.

**CONCLUSION:**

Wherefore, the Plaintiff has asserted constitutional and statutory violations, and the law regarding these allegations were clearly established at the time of the operative events, and the record will show that these violations occurred, or at least gives rise to a "genuine issue of material fact as to whether the **Defendants** actually engaged in conduct that violated the clearly-established law".

DATE:
11-6-06

Respectfully Submitted,

Emanuel Brown/Pro-Se/Plaintiff

Signature

(5)

IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Emanuel Brown, et,al/Plaintiffs

V.

Wachovia Bank, et,al/Defendants                Civil No: 06-0153 *Rmc*


MOTION TO AMEND ORIGINAL COMPLAINT,
PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE, RULE 15(a), 15(c)(2) & (3):
_____


                                        Emanuel Brown/Plaintiff
                                        P.O. Box 759 #00594-158
                                        Minersville, Pa. 17954.


# RECEIVED

NOV 9 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT