IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Emanuel Brown, et al.,

      Plaintiff


    V.


Wachovia Bank, et al.,

      Defendant               Civil No. 06-153 RMC


## PLAINTIFF'S RESPONSE TO DEFENDANT WACHOVIA BANK'S MOTION TO DISMISS:

1) On or about January 8, 2007, Defendant Wachovia Bank, responded to the Plaintiff's "Amended Complaint".

2) Despite the fact that the Defendant stated that the Plaintiff "fails to state a claim against Wachovia Bank upon which relief can be granted", the Plaintiff respectfully states that the unlawful retention of $67,365.85 and $15,000 respectively, certainly states a valid claim for the return of this monetary property in the possession of the Wachovia Bank.

3) More importantly, the Defendant cannot claim that the receipt of the $67,365.85 and the $15,000 is supported by restitution statutory law, or Fourth Circuit Court of Appeals precedent case law.

4) The Plaintiff does not claim that the Defendant, Wachovia Bank, was morally wrong in receiving a early Christmas gift from the U.S. Government, but when the Plaintiff informed the Defendant that the continued retainment of this illegally seized property was unlawful based upon restitution statutory law and precedent case law, the Defendant decided to keep the ill-gotten monetary property in their possession!

5) The Defendant does not claim that the unlawful restitution order is legal and binding upon the Plaintiff.

RECEIVED

JAN 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

6) The Defendant further, does not deny that they have possession of the $67,365.85 and the $15,000 monetary property.

7) The Defendant does not claim that the Plaintiff is not legally entitled to the return of the total $82,365.85, with interest, monetary property.

The Plaintiff has no knowledge as to any statutory or Federal Rules of Civil Procedure law, the Defendant is invoking in their request for a Motion To Dismiss. See, Federal Rules of Civil Procedure, Rule **12(b)(6)**.

## Standard For Granting A 12(b)(6) Motion:

The **12(b)(6)** motion must not be granted "unless it appears **beyond doubt** that the Plaintiff can prove **no set of facts in support of his claim** which would entitle him to relief". See, **Conley V. Gibson 355 U.S. 41 (1957).**

It should be noted by this Honorable Court that the Attornet at-Law for the Defendant Wachovia Bank has violated Federal Rules of Civil Procedure Rule **11(a)**, in that there is no required signature by Defendant's Counsel, Mr. Grady C. Frank Jr.  Due to the fact that the Plaintiff believe's this omission to simply be an over-sight and or unintentional violation of Rule **11(a)**, the Plaintiff does not request any legal sanction under Rule **11(c)**.

In addition, the Plaintiff, once again, respectfully request that this Honorable Court reconsider the Plaintiff's previous request for the appointment of counsel under, **28 U.S.C.§1915(e)(1).**

Respectfully Submitted

*Emanuel Brown*

Emanuel Brown/Plaintiff
Pro-Se
P.O. Box 759 #00594-158
Minersville, Pa. 17954.

## CERTIFICATE OF SERVICE:

I, Emanuel Brown, the Plaintiff, hereby certify that on this 12th day of January, 2007, a true and accurate copy of the Plaintiff's response to Defendant Wachovia Bank's Motion To Dismiss, was served by first class mail, postage prepaid to:

**Mr. Grady C. Frank Jr.**
**Troutman Sanders LLP**
**1660 International Drive, Suite 600**
**McLean, Virginia. 22102.**

**Counsel For Wachovia Bank, N.A.**

**Mr. Fred E. Haynes**
**Asst. U.S. Attorney**
**555 4th Street, N.W. E-4110**
**Washington, D.C. 20530.**

**Counsel For Federal Defendant's, Attorney General, Alberto Gonzales,**
**Director of the Bureau of Prisons, Harley G. Lappin; The U.S.**
**Probation Department; and Assitant U.S. Attorney John W. Stone Jr;**
**and the U.S. Justice Department.**

Respectfully Submitted

*Emanuel Brown*

Emanuel Brown/Plaintiff
Pro-Se
P.O. Box 759 #00594-158
Minersville, Pa. 17954.