UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMANUEL BROWN,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         ) Civil Action No. 06-153 RMC
                                 )
WACHOVIA BANK, et al.,           )
                                 )
            Defendants.          )
_____)

MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

      Plaintiff, a federal prisoner, was convicted of bank robbery

in 1991 in the Middle District of North Carolina and sentenced to

27 years and 6 months in prison; the judgment of conviction,

which included the restitution component, was upheld on direct

appeal and in response to plaintiff's motion under 28 U.S.C. §

2255.  By this action, which the pro se plaintiff characterizes

as a class action under the Racketeer Influenced And Corrupt

Organizations Act, he improperly seeks to collaterally attack his

sentence and to have the restitution component of his sentence

declared invalid.  Pursuant to Fed. R. Civ. P. 12(b)(1) through

(b)(6) and Fed. R. Civ. P. 56, the federal defendants (the

Attorney General, the Director of the United States Bureau of

Prisons, the "United States Probation Office," and Assistant

United States Attorney John W. Stone, Jr., of the Middle District

of North Carolina), move to dismiss this case under Fed. R. Civ.

P. 12(b) or, in the alternative, for summary judgment under Fed.

R. Civ. P. 56.[1]   As grounds for this motion, defendants assert that there are no genuine issues of material fact in dispute and that they are entitled to judgment as a matter of law.  A memorandum of points and authorities, a statement of genuine issues of material fact not in dispute, and a proposed order granting the relief sought are attached hereto.

Plaintiff should take notice that any factual assertions contained in the attachments in support of defendants' motion will be accepted by the Court as true unless plaintiff submits his own declarations or other documentary evidence contradicting the assertions in the defendant's attachments.  See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7.1(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached

---

[1]   Wachovia Bank and its chairman are named as defendants in this action; Wachovia Bank has filed a motion to dismiss.  Also named as a defendant is a retired FBI agent, John M. Johnston.  As reflected in the docket of this case, he has not been served with a copy of the summons and complaint in this case and is not represented by undersigned counsel in this case.  In any event, the conduct alleged as to him occurred in 1990 and is, therefore, barred by any applicable statute of limitations.  The complaint and amended complaint also name unidentified John and Jane Does as defendants.  As explained in the memorandum in support of this motion, the naming of unidentified defendants cannot save this case from dismissal.

thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney
            /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMANUEL BROWN,                    )
                                 )
            Plaintiff,           )
                                 )
     v.                          ) Civil Action No. 06-153 RMC
                                 )
WACHOVIA BANK, et al.,           )
                                 )
            Defendants.          )
_____)

FEDERAL DEFENDANTS' STATEMENT OF MATERIAL
FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

The Federal Defendants (the Attorney General, the Director of the United States Bureau of Prisons, the "United States Probation Office," and Assistant United States Attorney John W. Stone, Jr., of the Middle District of North Carolina), through their undersigned counsel, respectfully submit, in accordance with LCvR 56.1, the following statement of material facts as to which there is no genuine issue to be tried.

1.  Plaintiff was the mastermind behind the robbery of a branch of the Wachovia Bank in Greensboro, North Carolina, in September 1990.  The circumstances of the robbery are set forth in United States v. Brown, 983 F.2d 1058, 1993 WL 998(4th Cir. 1993) (unpublished opinion).

2.  After a jury trial, plaintiff was convicted of bank robbery on March 13, 1991.  See Exhibit 1 to the memorandum in support of the motion to dismiss or for summary judgment, a copy of the docket of the case.

3.  As reflected in the Fourth Circuit's opinion cited supra, plaintiff's conviction, which included a restitution component (Exhibit 1 at page 10), was affirmed by that court.

4.  In July 1992, plaintiff filed a motion in his criminal case that sought return of the $67,365.85 that had been seized by the government from his residence.  Exhibit 1 at page 15.

5.  The government opposed this motion, and by an order dated July 5, 1996, attached as Exhibit 2 to defendants' memorandum, plaintiff's motion was denied.  The district court concluded that the government's application of the seized money to plaintiff's restitution responsibility was proper.

6.  Plaintiff did not appeal this decision.  See Exhibit 1.

7.  Subsequently, in August 1997, plaintiff filed a motion under 28 U.S.C. § 2255 to vacate or correct his sentence.  Exhibit 1 at page 15.

8.  This motion, which included a challenge to the restitution component of plaintiff's sentence, was denied by Magistrate Judge Sharp on January 27, 1998.  Exhibit 3 to defendants' memorandum.

9.  The decision by the Magistrate Judge was affirmed by the District Court by an Order dated April 2, 1998, and an accompanying judgment.  Exhibit 4 to defendants' memorandum.

10.  Plaintiff appealed the denial of his § 2255 motion, but the Fourth Circuit affirmed the district courts decision.  United

2

States v. Brown, 155 F.3d 561, 1998 WL 398770 (4th Cir.

1998)(unpublished opinion).

    11.  Plaintiff subsequently sought leave of the Fourth

Circuit to file a second § 2255 motion, but the Fourth Circuit

denied plaintiff's motion.  Exhibit 5 to defendant's memorandum.

                        Respectfully submitted,

                        JEFFREY A. TAYLOR, D.C. Bar #498610
                        United States Attorney

                        RUDOLPH CONTRERAS, D.C. Bar #434122
                        Assistant United States Attorney
                                    /s/
                        FRED E. HAYNES, DC Bar #165654
                        Assistant United States Attorney
                        555 4th Street, N.W.
                        Washington, D.C. 20530
                        202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMANUEL BROWN,                    )
                                 )
            Plaintiff,           )
                                 )
       v.                        ) Civil Action No. 06-153 RMC
                                 )
WACHOVIA BANK, et al.,           )
                                 )
            Defendants.          )
_____ )

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE FEDERAL DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The pro se plaintiff, who is currently a federal prisoner, was convicted of bank robbery in 1991 in the Middle District of North Carolina. After having lost his direct appeal and his motion under 28 U.S.C. § 2255 (and having been denied the right by the Fourth Circuit to file another motion under § 2255), he has filed this action, which he characterizes as a class action under the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"). By it, he seeks to have declared void an unknown number of criminal judgments that contain a restitution component entered under the Victim and Witness Protection Act between 1983 and 1996. His complaint and amended complaint focus in particular on the restitution ordered in the criminal judgment entered against him, and he asserts that this Court should declare that order to be void and should direct that $82,365.85, with interest, be returned to him, Docket Number 1 at page 21 and Docket Number 17 at 5. This amount consists of $67,365.85 seized

by the FBI in a 1990 search of his residence in Philadelphia and $15,000 of a tort recovery by plaintiff from the Bureau of Prisons that was applied in 1995 against his restitution obligation "through deceit, fraud, and misrepresentation by private counsel," Docket Number 1 at 3, presumably plaintiff's private counsel.

For several reasons, as explained below, the complaint should be dismissed.

<u>SUMMARY OF ARGUMENT</u>

Because plaintiff is pro se, he cannot bring a class action. Therefore, the class action component of this case must be dismissed. The resulting case is simply an improper collateral attack on the criminal judgment entered against plaintiff, where jurisdiction to challenge that judgment is in the district of the sentencing court (the Middle District of North Carolina) under 28 U.S.C. § 2255. (Since none of the acts relating to plaintiff's restitution occurred in the District of Columbia, venue, in any event, would not be proper in this jurisdiction. 28 U.S.C. § 1391(b).) Additionally, the RICO allegations are insufficient to state a cause of action under that statute. Judgments by federal courts directing the payment of restitution are not subject to challenge under the RICO Act. Furthermore, to the extent that plaintiff is suing the named federal defendants under the RICO Act in their official capacities, the complaint should be

2

dismissed, inasmuch as there is no waiver of sovereign immunity by the federal government for RICO Act law suits.  Finally, the RICO Act statute of limitations has long ago run on plaintiff's claims, even if one where to assume that plaintiff had a valid claim under the RICO act.

The complaint and amended complaint are also properly dismissed under Fed. R. Civ. P. 12(b) for the following reasons:

a. To the extent that the case seeks recovery from the Attorney General and the Director of the Bureau of Prisons in their individual capacities, there is no suggestion in the complaint, or any inference from the complaint, that either of these defendants had any personal involvement in the entry or enforcement of the judgment in defendant's criminal case in the Middle District of North Carolina, many years ago, as to which this case relates.  The claims against the Attorney General and the Director of the Bureau of Prisons in their individual capacities should, therefore, be dismissed under Fed. R. Civ. P. 12(b)(6).

b.  Additionally, there is nothing in the complaint or amended complaint that in any way implicates the "United States Probation Office" in the alleged illegal acts.  Even if there were such allegations, any claims against the Probation Office, which is an arm of the Court, should be dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), since

3

there is no waiver of sovereign immunity that would permit this case to go forward as to the Probation Office.

c.  Any claims against the federal defendants in their official capacities should be dismissed, since there is no waiver of sovereign immunity as to the RICO Act claims advanced in this case.

d.  The claims against Assistant United States Attorney John W. Stone, Jr., should be dismissed because he has not been served with process in this case, and this Court does not have personal jurisdiction over him, in that at all relevant times, to and including today, he has been an Assistant United States Attorney for the Middle District of North Carolina.

e.  Plaintiff's claim in this case that the execution of the restitution order in his criminal case was improper is barred by the doctrine of collateral estoppel and, in any event, venue in this Court as to plaintiff's non-class action allegations is not proper.

f.  Finally, the presence of John and Jane Doe defendants does not preclude dismissal of this case at this time.

<u>BACKGROUND</u>

Plaintiff was the mastermind behind the robbery of a branch of the Wachovia Bank in Greensboro, North Carolina, in September 1990.  The circumstances of the robbery are set forth in <u>United States v. Brown</u>, 983 F.2d 1058, 1993 WL 998(4th Cir. 1993) (unpub

4

lished opinion).  After a jury trial, plaintiff was convicted of bank robbery on March 13, 1991.  <u>See</u> Exhibit 1 to this memorandum, a copy of the docket of the case.  As reflected in the Fourth Circuit's opinion cited <u>supra</u>, plaintiff's conviction, which included a restitution component (Exhibit 1 at page 10), was affirmed by that court.

In July 1992, plaintiff filed a motion in his criminal case that sought return of the $67,365.85 that had been seized by the government from his residence.  The government opposed this motion.  By an order dated July 5, 1996, attached hereto as Exhibit 2, plaintiff's motion was denied.  The district court concluded that the government's application of the seized money to plaintiff's restitution responsibility was proper.  Plaintiff did not appeal this decision.  <u>See</u> Exhibit 1 hereto.

Subsequently, in August 1997, plaintiff filed a motion under 28 U.S.C. § 2255 to vacate or correct his sentence.  Exhibit 1 at page 15.  This motion, which included a challenge to the restitution component of plaintiff's sentence, was denied by Magistrate Judge Sharp on January 27, 1998.  Exhibit 3 hereto.  The decision by the Magistrate Judge was affirmed by the District Court by an Order dated April 2, 1998, and an accompanying judgment.  Exhibit 4 hereto.  Plaintiff appealed the denial of his § 2255 motion, but the Fourth Circuit affirmed the district courts decision.  <u>United States v. Brown</u>, 155 F.3d 561, 1998 WL

398770 (4th Cir. 1998)(unpublished opinion).  Plaintiff subse-
quently sought leave of the Fourth Circuit to file a second §
2255 motion, but the Fourth Circuit denied plaintiff's motion.
Exhibit 5 hereto.

   Having been unsuccessful in his direct appeal and in his §
2255 motion, plaintiff has apparently decided that a RICO action
provides him another means of continuing his attack on the res-
titution ordered in his case.  To this apparent end, he filed on
January 30, 2006, this case.  The District Court permitted him to
proceed in forma pauperis but dismissed the case as being fri-
volous.  In its order of dismissal, the District Court cited the
Mandatory Victims Restitution Act as a basis for its dismissal.
Plaintiff appealed the District Court's decision, and the deci-
sion was reversed by the Court of Appeals because the plaintiff
had been sentenced under the Victim and Witness Protection Act,
not the Mandatory Victims Restitution Act.  (This difference is
immaterial to the resolution of this case.)  The case was reman-
ded to the District Court for further proceedings.

   The complaint and the memorandum of law that accompanied it,
Docket Number 1, make clear that plaintiff in this case is
challenging the restitution order entered against him in his
criminal case, an order that has previously been upheld by the
district court and by the Fourth Circuit.  Basic principles of
res judicata and collateral estoppel bar the relitigation of

6

plaintiff's claims outside of a motion under 28 U.S.C. § 2255, and in this case the Fourth Circuit has denied plaintiff's § 2255 motion and has denied him leave to file another § 2255. (In resolving this case by a motion to dismiss, the Court may consider the complaint and documents filed by plaintiff with the complaint, i.e., the memorandum of law filed with the complaint and incorporated by the Court in Docket Number 1. See City of Pittsburg v. West Penn Power Company, 147 F.3d 256, 259 (3d Cir. 1998).)

Plaintiff's amended complaint, filed on November 9, 2006, Docket Number 17, adds as defendants a retired FBI agent, the President of Wachovia Bank, and Assistant United States Attorney John W. Stone, Jr., who, as Exhibits 1 and 3 above and the opinions issued in plaintiff's criminal case show, has been, and remains, an Assistant United States Attorney for the Middle District of North Carolina. The amended complaint is very specific in alleging that Mr. Stone illegally and improperly filed a writ of execution in plaintiff's criminal case that resulted in the application of the money seized at plaintiff's residence towards satisfaction of plaintiff's restitution obligation. As we explain below, these actions by Mr. Stone are entitled to absolute immunity from a lawsuit such as plaintiff's action.

7

ARGUMENT

A. Because Plaintiff Is Proceeding Pro Se, The Class-Action
Allegations Should Be Dismissed.    It is a fundamental principle
of law that class representatives cannot appear pro se.  Wright,
Miller & Kane, Federal Practice and Procedure: Civil, § 1769.1
(1986).  Since plaintiff is proceeding pro se in this case, he
cannot maintain this action as a class action.

B. The RICO Act Is Not A Basis For Collaterally Attacking A
Criminal Judgment.  The judgment rendered in a criminal case may
be appealed, as was the judgment in this case.  Outside of a
direct appeal, the means of attacking a criminal judgment are
limited to a challenge to the execution of a sentence, in which
event jurisdiction is in the district where the plaintiff is
incarcerated , 28 U.S.C. § 2241, or as a challenge to the
validity of the sentence itself, in which event jurisdiction is
in the district of the sentencing court, U.S.C. § 2255.  See
Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).  The
RICO Act does not provide an additional basis for attacking a
judgment in a criminal case.

C. To The Extent That Plaintiff Is Suing The Department Of
Justice, the Attorney General, The Director Of The Bureau Of
Prisons, AND Assistant United States Attorney Stone In Their
Official Capacities , The Complaint Should Be Dismissed.  As
explained by Judge Roberts in his initial decision dismissing

this case, there is no waiver of sovereign immunity that would permit this case to proceed against the Department of Justice, the Attorney General, the Director of the Bureau of Prisons, and Mr. Stone in their official capacities.  Docket Number 4 at page 2, citing <u>Donohue v. Federal Bureau of Investigation</u>, 204 F.Supp.2d 169, 173-74 (D.Mass. 2002)(and the cases collected therein).  Any such allegations should, therefore, be dismissed.

D. <u>To The Extent That This Action Is Against The Current Attorney General And The Current Director Of The Bureau Of Prisons In Their Personal Capacities, It Should Be Dismissed For Failure To State A Claim.</u>  The complaint, once its class action elements are dismissed, as they should be, involves events that occurred in the first half of the 1990s.  The current Attorney General and the current Director of the Bureau of Prisons bear no responsibility for such actions, and there is no suggestion in the complaint or the amended complaint that the current Attorney General or Director had any personal involvement in any of these events.  The claims against them in their individual capacities should, therefore, be dismissed.  Again, it bears emphasis that if a criminal defendant believes that the sentence imposed on him or her by the District Court is illegal or improper, the defendant's remedy is to appeal the alleged improper sentence or challenge it by means of a § 2255 motion.  Plaintiff has done so here and has lost.  This is dispositive of the case.

9

D. There Has Been No Waiver Of Sovereign Immunity That Would
Permit This Action To Proceed Against The "United States
Probation Office."  For reasons that are unclear in the complaint
and the amended complaint, plaintiff seeks relief against the
"United States Probation Office."  As explained by the District
Court in Schroeder v. Polk, 842 F.Supp. 355, 356 (N.D. Indiana
1993), there is no official entity known as the "United States
Probation Office:"

> Federal Probation officers are appointed
> individually by the district courts.  18
> U.S.C. § 3602(a) and 28 U.S.C. § 609.  They
> are employed by the United States Courts and
> are under the administrative control of the
> Director of the Administrative Office of the
> United States Courts.  Thus, a suit against
> the "The United States Probation Office" is,
> in effect, a suit against the United States
> Courts, a branch of the United States
> government.  Because there has been no waiver
> of sovereign immunity with respect to the
> United States Courts, this court lacks
> jurisdiction over the subject matter of
> plaintiff's claim against the "United States
> Probation Office."

Given the lack of a waiver of sovereign immunity as to the
Court's probation office, the claim asserted in this case as to
the Probation Office should be dismissed.

E. The Claims Against Assistant United States Attorney John W.
Stone, Jr., Should Be Dismissed Because He Has Not Been Served
With Process In This Case, He Is Not Subject To Personal
Jurisdiction In This Court, And He Is Entitled To Absolute
Immunity From Suit With Regard To The Allegations Made Against

10

<u>Him In This Case.</u>  The amended complaint adds as a defendant Mr.
Stone, who is alleged to have improperly applied for a writ of
execution with regard to the money found in plaintiff's residence
by the FBI.  As the docket of this case shows, he has not been
served with a copy of the summons and complaint.  Also as shown
by the attached Exhibits 1 to 5, he is an Assistant United States
Attorney for the Middle District of North Carolina.

Mr. Stone, against whom plaintiff seeks to affix liability,
is entitled to absolute immunity for claims arising from his
performance of his official duties in prosecuting plaintiff for
bank robbery.  For most officials, immunity is qualified rather
than absolute when the claim is based on the Constitution.  <u>Butz
v. Economou</u>, 438 U.S. 478 (1978).  However, there are some
officials whose special functions require absolute immunity
regardless of the nature of the alleged violation.

The Supreme Court has long recognized an absolute immunity
for prosecutors from personal liability for actions related to
the performance of their public duties.  <u>See, e.g.</u>, <u>Buckley v.
Fitzsimmons</u>, 509 U.S. 259, 269 (1993); <u>Yaselli v. Goff</u>, 275 U.S.
503 (1927).  In <u>Yaselli v. Goff</u>, the Court held that a prosecutor
could not be sued for malicious prosecution.  Later, in <u>Imbler v.
Pachtman</u>, 424 U.S. 409, 420 (1976), the Supreme Court held that
this absolute immunity barred constitutional tort claims.  The
Court reasoned:

11

> The common-law immunity of a prosecutor is based upon
> the same considerations that underlie the common-law
> immunities of judges and grand jurors acting within the
> scope of their duties.  These include concern that
> harassment by unfounded litigation would cause a
> deflection of the prosecutor's energies from his public
> duties, and the possibility that he would shade his
> decisions instead of exercising the independence of
> judgment required by his public trust.

Id. at 422-23.  The Court also stressed that there were

substantial checks against abuse.  Aside from the prospect of

criminal sanctions for willful deprivations of constitutional

rights, "a prosecutor stands perhaps unique, among officials

whose acts could deprive persons of constitutional rights, in his

amenability to professional discipline by an association of his

peers."  Id. at 429.

The prosecutor's immunity extends to any activities that are

"intimately associated with the judicial phase of the criminal

process."  Id. at 430.  This includes "initiating a prosecution"

and "presenting the . . . case."  Id. at 431.  Indeed, the

Supreme Court has reiterated this concept in Burns v. Reed, 500

U.S. 478 (1991), wherein it held that a prosecutor is entitled to

absolute immunity for participating in a probable cause hearing

which led to the issuance of a search warrant.  The Court's

opinion in Imbler leaves no doubt about its intent to cloak all

advocatory functions with immunity:

> [S]uits that survived the pleadings would pose
> substantial danger of liability even to the honest
> prosecutor.  The prosecutor's possible knowledge of a
> witness' falsehoods, the materiality of evidence not

12

> revealed to the defense, the propriety of a closing
> argument, and--ultimately in every case--the likelihood
> that prosecutorial misconduct so infected a trial as to
> deny due process, are typical of issues with which
> judges struggle in actions for post-trial relief,
> sometimes to differing conclusions.

Id. at 425; accord Burns v. Reed, 500 U.S. at 492.

Courts have applied immunity to cloak every aspect of the criminal prosecution, from grand jury proceedings to plea bargains and appeals. Absolute immunity has been held to apply to presenting evidence before a grand jury, Morrison v. Baton Rouge, 761 F.2d 242, 247-48 (5th Cir. 1985); see Burns, 500 U.S. at 490 and n.6; to reckless prosecution based on inadequate investigation, Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); threatening criminal prosecution, Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir. 1987); obtaining criminal complaints and warrants based on false or coerced statements, Joseph v. Patterson, 795 F.2d 549, 555 (6th Cir. 1986); Burns, supra; advocating a position on bail, Lerwill v. Joslin, 712 F.2d 435, 438-39 (10th Cir. 1983); striking a deal with defense counsel to obtain evidence, Krohn v. United States, 742 F.2d 24, 30 (1st Cir. 1984); destruction and falsification of evidence, Heidelberg v. Hammer, 577 F.2d 429, 432 (7th Cir. 1978); securing the attendance of witnesses and the accused at trial, Hamilton v. Daley, 777 F.2d 1207, 1213 (7th Cir. 1985); solicitation of perjured testimony, Taylor v. Kavanagh, 640 F.2d 450, 452 (2nd Cir. 1981); introduction of illegally seized evidence, Taylor,

640 F.2d at 452; agreeing to dismiss charges in return for dropping civil action, McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984); and misconduct in the plea arrangement process, Myers v. Morris, 810 F.2d at 1446.

Indeed, the Court of Appeals in this Circuit has concluded that absolute immunity bars, inter alia, claims that prosecutors failed to present exculpatory evidence to a grand jury and did present false testimony. See Gray v. Bell, 712 F.2d 490, 494, 502 (D.C. Cir. 1983). This Court has also held that prosecutorial immunity protects the prosecutor from liability for allegedly concealing exculpatory evidence from the grand jury and for allegedly manipulating evidence before the grand jury, as well as for allegedly withholding after indictment material evidence that is exculpatory. Moore v. Valder, 65 F.3d 189, 192-94 (D.C. Cir. 1995); Sims, 29 F. Supp. 2d at 959 (absolute immunity bars claims that prosecutors used perjured testimony in the criminal prosecution).

As the scope and breadth of these decisions indicate, courts are in general agreement that absolute immunity must be applied liberally when claims are asserted against government prosecutors for actions they have taken in carrying out their public responsibilities in the course of the judicial process. Mr. Stone's actions in seeking a writ of execution in this case are cloaked with the broad absolute immunity delineated in the above cases.

14

In any event, this Court lacks personal jurisdiction over Mr. Stone, as plaintiff has failed to effect proper service.[2]  It is well-established that, in an action against a federal employee in an individual capacity, the individually sued defendant must be served with process in accordance with rules applicable to individual defendants.  See Simpkins v. District of Columbia Govt., 108 F.3d 366 (D.C. Cir. 1997); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Navy, Marshall & Gordon v. U.S. Int'l Dev.-Corp. Agency, 557 F. Supp. 484, 489 (D.D.C. 1983); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989).

Rule 4 requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. Lawrence, 79 F.R.D. at 670; Delgado, 727 F. Supp. at 27; see Simpkins, 108 F.3d 366 (defendants in Bivens action must be served pursuant to Rule 4(e)).

---

[2]  A pro se litigant such as plaintiff must be afforded more latitude to correct defects in service of process as to his pleadings than litigants who are represented by counsel.  Moore v. Agency for Int'l Dev., 944 F.2d 874, 876 (D.C. Cir. 1993).  In light of the several other reasons calling for dismissal of this case, especially defendant's immunity from suit, no purpose would be served by granting such indulgences in this case.  If, however, the Court decides not to dismiss this case on the several grounds set forth herein, defendant Stone requests an opportunity to determine whether he will waive any defenses based on Federal Rules of Civil Procedure 12(b)(4) or (5).  Defendant is not presently prepared to waive those defenses.

Where, as here, a plaintiff seeks relief against a federal employee in an individual capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment, Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984); Griffith v. Nixon, 518 F.2d 1195 (2d Cir.), cert. denied, 423 U.S. 995 (1975), and the general rule is that a plaintiff has the burden of establishing personal jurisdiction. Reuber, supra 750 F.2d at 1050.

In order for the United States District Court for the District of Columbia to have personal jurisdiction over a nonresident defendant, such as Mr. Stone, jurisdiction must be proper under the District of Columbia long-arm statute and must be consistent with the constitutional requirements of due process. See GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000); United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987). The District of Columbia's long-arm statute, D.C. Code section 13-423, provides in relevant part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's–

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia;

(6) contracting to insure or act as surety ...; or

(7) marital or parent and child relationship ...

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C. Code § 13-423.

If the terms of the long-arm statute are satisfied, a plaintiff must then show that the exercise of personal jurisdiction is within the bounds of the Due Process Clause. See GTE New Media Servs. Inc., 199 F.3d at 1347. A plaintiff must show "minimum contacts" between the defendant and the forum so as to establish that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. See id.; Wiggins v. Equifax Inc., 853 F. Supp. 500, 502 (D.D.C. 1994). Under the "minimum contacts" standard, courts must find that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there." GTE New Media Servs. Inc., 199 F.3d at 1347 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286,

17

297 (1980)).  Plaintiff bears the burden of pleading the facts
necessary to substantiate personal jurisdiction in this Court.
See Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C.
Cir. 1990); Novak-Canzeri v. Saud, 864 F. Supp. 203, 205 (D.D.C.
1994).

   In the instant case, plaintiff cannot meet his burden of
establishing in personam jurisdiction in the District of Columbia
under § 13-423.  The record in this case shows that Mr. Stone
lives outside the District Columbia and has performed no acts in
the District of Columbia that would give rise to personal
jurisdiction here.

   Furthermore, plaintiff has failed to allege facts showing
that the exercise of personal jurisdiction over Mr. Stone in this
case would satisfy due process requirements.  In fact, plaintiff
does not establish any connection between Mr. Stone and the
District of Columbia in his complaint.  Consequently, the Court
should dismiss all claims against Mr. Stone for lack of personal
jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

G.   The Statue Of Limitations Has Run On The RICO Allegations
Made By Plaintiff Concerning Himself.  The acts alleged in the
complaint and the amended complaint as to which plaintiff asserts
he is entitled to recover ended in 1995.  This case was filed in
2006.  Under the Supreme Court's decision in Klehr v. A.O.Smith
Corporation, 521 U.S. 179 (1997)(four years limitations period

for civil RICO claim, commencing on date of discovery of injury),
this case is untimely.

H.   The Doctrine Of Collateral Estoppel Bars Plaintiff From
Asserting In This Case That The Restitution Order Was Invalid.
Plaintiff has already had the opportunity to appeal his criminal
case, an appeal that he lost, and he has moved in his criminal
case for the return of property (relating to the $67,365.85
seized at his residence), which he lost, and he has made a § 2255
motion, which explicitly challenged the restitution order and
which he lost.  He is, therefore, collaterally estopped from
contending in this case that the restitution order in his
criminal case was invalid or improper.  See Paolone v. Mueller,
2006 WL 2346448, at pages 5-6 (D.D.C. 2006).

I.   The Presence Of John And Jane Doe Defendants Does Not
Preclude Dismissal Of The Case.  Under the law of the District of
Columbia, constructive service cannot be made on John or Jane Doe
defendants in a tort case as a means of obtaining personal
jurisdiction over such defendants.  Olaniyi v. District of
Columbia, 416 F.Supp.2d 43, 50-51 n. 17 (D.D.C. 2006).  This
Court need not decide whether this principle should apply to John
or Jane Doe federal defendants in an action under the RICO Act,
since the reasons set forth above for dismissal of the case apply
equally to federal John or Jane Doe defendants.  See Raiford v.

19

<u>District of Columbia</u>, 116 F.3d 942, 1997 WL 358229 (D.C. Cir. 1997)(unpublished opinion).

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney
                 /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
202.514.7201

20

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
EMANUEL BROWN,                    )
                                 )
              Plaintiff,         )
                                 )
         v.                      )  Civil Action No. 06-153 RMC
                                 )
WACHOVIA BANK, et al.,           )
                                 )
              Defendants.        )
_____  )
```

<u>ORDER</u>

UPON CONSIDERATION of the motion by defendants the Attorney General, Alberto Gonzales, the Director of the Bureau of Prisons, Harley G. Lappin, the "United States Probation Office," and Assistant United States Attorney John W. Stone, Jr., for dismissal of this action, and the entire record in this case, it is this _____ day of _____, 2007,

ORDERED that this case is dismissed with prejudice.  This is a final, appealable order.

UNITED STATES DISTRICT JUDGE

Copies to counsel of record
and the pro se plaintiff

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing

Motion To Dismiss Or, In The Alternative, For Summary Judgment to

be served by first-class mail, postage prepaid, this 26th day of

January, 2007, on:

                Emanuel Brown
                R00594-158
                Federal Correctional
                Institution - Schuylkill
                P.O. Box 759
                Minersville, PA 17954


                            /s/
                Fred E. Haynes, D.C. Bar # 165654
                Assistant United States Attorney
                555 4th Street, N.W., Room E-4110
                Washington, D.C. 20530
                (202) 514-7201