IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. CR-90-240-1-G |
| ) | |
| EMANUEL BROWN ) | |
| ) | |

FILED JUL 5 1996

## ORDER

This case is before the Court on Defendant Brown's Motion for Return of Property pursuant to Fed. R. Crim. P. 41(e). Defendant Brown is serving consecutive 270 and 60 month prison sentences following his conviction on armed bank robbery and firearms charges. He seeks the return of $67,365.85 seized by the Government as evidence in the case against him. Defendant Brown is not entitled to the return of these funds because of the $303,700 restitution order imposed against him in this case. See United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993) ("We hold that a valid restitution order under the VWPA gives the government a sufficient cognizable claim of ownership to defeat a defendant's Rule 41(e) motion for return of property, if that property is needed to satisfy the terms of the restitution order."). To the extent Defendant Brown's motion constitutes an appeal of the writ of execution ordered on the seized funds, it is untimely and substantively meritless. See id. ("[A] restitution order is enforceable as a lien upon all of the defendant's property at the time judgment is entered. It follows that the district court had a legitimate reason to order that the defendant's property already in the government's possession be applied to his restitution obligation."). See also Auclair v. Sher, 63 F.3d 407, 409 (5th Cir. 1995)

(discussing Government's broad authority to enforce restitution orders); <u>Baldwin v. United States</u>, 805 F. Supp. 1026, 1028 (S.D. Fla. 1992) (noting that Congress "specifically stated that a 'writ of execution may be issued with respect to any property or rights to property subject to such lien'"). For these reasons,

IT IS ORDERED that Defendant Brown's Motion Requesting Final Disposition on Pending Motion for Return of Property [Doc. #149] is GRANTED; and

IT IS FURTHER ORDERED that Defendant Brown's Motion for Return of Property [Doc. # 142] is DENIED.

This the 5th day of July, 1996.

_____
United States District Judge