IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**RECEIVED**

Emanuel Brown, Plaintiff

FEB 8 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

V.

Wachovia Bank, et al.,                    Civil No. 06-153 RMC

PLAINTIFF'S RESPONSE TO THE U.S. GOVERNMENT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT:

Comes Now, the Plaintiff, Emanuel Brown, states the following:

1) The Plaintiff is willing, with the court's permission, to voluntarily dismiss his (RICO) complaint against the Attorney General, Alberto Gonzales; U.S. Bureau of Prisons Director Harley G. Lappin; The U.S. Justice Department; and the U.S. Probation Department, due to the fact that (as a pro-se Plaintiff, he cannot maintain and or pursue a Class Action suit against federal agencies.

2) The PLaintiff does not know why Defendant, Asst. U.S. Attorney John W. Stone Jr., was never served with a subpoena or summons. The Plaintiff, as directed by this Honorable Court on December 12, 2006, did in fact give the Clerk of Court the last known employment address for Mr. John M. Johnston, and Mr. John W. Stone Jr., in a letter to the Clerk of Court dated 12-19-06.

3) The U.S. Government has placed great legal significance to the fact that the Plaintiff's direct appeal and his **28 U.S.C.§2255** petition in his criminal case, was denied by the U.S. District Court for the MDNC, and the Fourth Circuit Court of Appeals.

And further that the Plaintiff is currently attempting to relitigate a legal argument relating to restitution in this present RICO civil suit.

4) The Government further claims that "The Doctrine of Collateral Estoppel bars Plaintiff from asserting in this case that the Restitution Order was invalid".

5) First and foremost, the Plaintiff respectfully states that, 1) when he filed his original motion under Federal Rules of Criminal Procedure Rule **(41)(e)**, for the return of the illegally seized $67,365.85, the Plaintiff simply argued that as the rightful owner of this monetary property, he was entitled to recovery.

6) After reviewing **United States V. Garcia, 65 F.3d 17, (4th. Cir.1995)**, the Plaintiff was under the legal impression that all Rule **41(e)** motions and or claims, must be filed in the district of seizure, which was Philadelphia, Pa. The Plaintiff did file a Rule **41(e)** motion in the U.S. District Court for the Eastern District of Pennsylvania, in 1997, but the district court never responded to the Rule **41(e)**, and on June 17, 2003, the Third Circuit Court of Appeals denied Plaintiff's motion for a Writ of Mandamus.

7) Furthermore, despite the district court's statement that a "[A] restitution order is enforceable as a lien upon all of the defendant's property at the time judgment is entered", restitution statutory law does not necessarily authorize an order that the restitution be paid from a particular **fund** or **asset**.

(2)

See, **U.S. V. Gomer, 93 F.3d 1271 (6th Cir.1996),** and **United States V. Gilberg, 75 F.3d 15, 22 (1st Cir.1996).**

8) The Sentencing Judge in the court order dated July 5, 1996, further stated that "(noting that Congress "specifically stated that a 'writ of execution may be issued with respect to any property or rights to property subject to such lien".

9) Prior to the district court's denial of the Plaintiff's Rule 41(e) petition dated 7-5-96, the Government had already illegally seized his monetary property in contravention of the Federal Debt Collection Procedure Act, under section **28 U.S.C.§3202** and **§3631(b)(1).** Plus the fact, the Federal Debt Collection Procedure Act didn't apply to the Plaintiff's restitution order because the Plaintiff was convicted on March 13, 1991, and the **FDCPA** did not become effective statutory law until on or about May of 1991.

10) The Plaintiff states that on his direct appeal, Court Appointed Appellate Counsel was Constitutionally deficient and or ineffective, because, despite precedent case law from the Fourth Circuit Court of Appeals, and statutory restitution law, Appellate Counsel never challenged the restitution order. The Plaintiff did not realize until he filed his initial **§2255** petition in 1997, that he could have challenged his unlawful restitution order on direct appeal.

11) Consequently, the Plaintiff did make a legal challenge to the validity of the restitution order in his original **§2255** motion.

(3)

The U.S. Magistrate Judge concluded that "petitioner does not allege in what ways the court may have erred pursuant to the **"Bruchey Standard"**, that he invokes without elaboration. Therefore, this allegation is conclusory. In addition, this is a nonconstitutional claim that could have been raised on direct appeal. Both because Petitioner waived this claim through procedural default, and through lack of specific pleading or demonstrating a "complete miscarriage of justice", the allegations on this ground are without merit and should be dismissed".

12) The Plaintiff respectfully states that an alleged conclusory statement and a procedural default is not an adjudication or legal determination of the <u>merits</u>, and it should be obvious to this Honorable Court that certainly there was a serious miscarriage of justice in this particular restitution order, due to the fact that the Plaintiff received a 27½ year imprisonment sentence, and cannot reasonably be expected to pay a $303,700 restitution order in the year 2014, when the Plaintiff will be 66-67 years old!

13) There should be no doubt in this court's jurisprudence experience, that if this legal argument regarding the restitution order was properly before the Fourth Circuit Court of Appeals, via qualified and competent defense counsel, the restitution order in this case, would be reversed and remanded back to the district court.

14) When the district court and the Fourth Circuit Court of Appeals affirmed the U.S. Magistrate's recommendation to deny the §2255 petition, they did not rule upon the legal <u>merits</u> or cite any specific facts of record to sustain the U.S. Magistrate's incorrect recommendation. The bottom line is that, the U.S. Magistrate Judge, the district court and the Fourth Circuit Court of Appeals did not want to recognize the miscarriage of justice involved in this particular unlawful restitution order because of the $67,365.85 seized illegally by the U.S. Government, and the $15,000 that was paid to the Wachovia Bank in 1995.

15) The Plaintiff did subsequently file a second §2255 petition on July 10, 2005 to the Fourth Circuit Court of Appeals. Nevertheless, the legal arguments were 1) SHOULD THE PETITIONER'S CONVICTION AND SENTENCE BE VACATED DUE TO AN ERRONEOUS JURY INSTRUCTION RELATING TO AN ESSENTIAL ELEMENT OF THE OFFENSE: 2) SHOULD THE PETITIONER'S CONVICTION AND SENTENCE BE VACATED DUE TO A FUNDAMENTAL DEFECT IN THE INDICTMENT: and 3) SHOULD THE PETITIONER'S SENTENCE UNDER 924(c) BE DISMISSED DUE TO INSUFFICIENT EVIDENCE, AND ERRONEOUS JURY INSTRUCTIONS: Without the legal benefit of a legal opinion, this petition was denied on July 26, 2005. This petition had no relevancy to the unlawful restitution order.

16) In the Government's <u>Argument</u> on page 8, Section **(B)**, the Government stated; "The RICO Act is not a basis for collaterally attacking a criminal judgment".

17) The Plaintiff did not file a RICO claim based upon the district court's void restitution order, but simply to claim a legitimate property injury in the Government's illegal conspiracy with the Wachovia Bank to continue to deprive the Plaintiff of monetary property that rightfully, morally and legally belongs to the Plaintiff.

18) In Section **(D)**, the Government stated; "Again, it bears emphasis that if a criminal defendant believe's that the sentence imposed on him or her by the district court is illegal or improper, the defendant's remedy is to appeal the alleged improper sentence or challenge it by means of a §2255 motion".

19) Even if this Honorable Court were not inclined to look behind the facts of record, and or review the legality of the restitution order in this particular civil suit, the court can still deny the Government's motion to dismiss and not grant summary judgment, based upon the undisputed fact that the Government seized the $67,365.85 illegally and deprived the Plaintiff of this monetary property indefinitely, in violation of the Fourth and Fifth Amendments to the U.S Constitution, and therefore, the Plaintiff has stated a sufficient claim pursuant to RICO.

(6)

20) In Section (E), the Government stated; "The claims against Asst. U.S. Attorney John W. Stone Jr., should be dismissed because he has not been served with process in this case, he is not subject to personal jurisdiction in this court, and he is entitled to absolute immunity from suit with regard to the allegations made against him in this case".

21) The Plaintiff has no knowledge as to why Defendant John W. Stone Jr. was not served with a court ordered subpoena and or summons in this civil lawsuit. It was the Plaintiff's understanding that the U.S. Marshall's Service would serve legal process upon all the Defendant's in this lawsuit.

22) On page (14), the Government stated; "Mr. Stone's actions in seeking a writ of execution in this case are cloaked with the broad absolute immunity delineated in the above cases".

23) What the Government fails to understand is that, Asst. U.S. Attorney John W. Stone Jr., was not named in this RICO suit because he incorrectly used the Federal Debt Collection Procedure Act in seeking a writ of execution.

24) Mr. Stone was named in this RICO claim because he intentionally neglected and or ignored his public and professional responsibility to uphold the law, when he condoned and sanctioned Defendant former FBI Agent John M. Johnston's illegal activities involving an alleged search & seizure warrant and an alleged arrest warrant.

25) Mr. Stone clearly violated well established constitutional rights under the Fourth and Fifth Amendments to the U.S. Constitution.

26) Mr. Stone knew well in advance and or prior to the Plaintiff's trial, that the search & seizure of the Plaintiff's personal residence was unlawful, and further that no U.S. Magistrate Judge in the State of North Carolina had authorized a warrant for the arrest of the Plaintiff.

27) In **Mastroianni V. Bowers, 160 F.3d 671 (11th Cir.1998),** on page 676, [5,6], the Court stated; "Prosecutors are not entitled to absolute immunity, however, for activities not intimately associated with the judicial process such as giving advice to police during the preliminary investigative stage, **Burns, 500 U.S. at 493, 111 S.Ct. 1934,** or fabricating evidence during the preliminary investigative stage to present to a grand jury or making comments to the press, **Buckley, 509 U.S. 259 113 S.Ct. at 2616-2617.** See, **Malley V. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed 2d 271 (1986).**

28) In the instant case, Mr. Stone knew prior to trial that the Government had not established probable cause to arrest the Plaintiff and that the criminal complaint was bogus and contained falsified information. See, **Kalina V. Fletcher, 522 U.S. 118, 126 (1997),** "Prosecutor not absolutely immune with respect to actions in executing certification for determination of probable cause.

29) In **Heck V. Humphrey, (1994), 129 L.Ed 2d 383**, in a case involving a **42 U.S.C. §1983** claim, the Supreme Court stated on page 394, **7.[9b]**, "For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the **1983** Plaintiff's still outstanding conviction....such a **1983** action, even if successful, would not necessarily imply that the Plaintiff's conviction was unlawful.

30) Once again, in the instant case, even if this Honorable Court were to exclude any judicial consideration and or legal determination, that the Plaintiff's restitution order is legal or void as a matter of statutory law and Fourth Circuit Court of Appeals precedent case law, the Plaintiff's RICO claim for monetary property injury would still survive a Motion To Dismiss, and or Summary Judgment, because the invalidity and or validity of the restitution order would not be challenging the Plaintiff's conviction and sentence.

31) More importantly, this RICO claim is not about the validity of the restitution order, but the lawfulness of the Defendant Wachovia Bank's alleged legal right to retain illegally seized personal property given to it by the U.S. Government in violation of statutory and constitutional law. As stated previously, in the Plaintiff's response to the Defendant Wachovia Bank's initial reply brief, the Plaintiff merely included the legal argument that the restitution order was void, in the even't the Wachovia Bank wanted to use the restitution order as legal entitlement to the unlawfully received $82.365.85.

32) Despite the U.S. Government's argument that the statute of limitations for a RICO civil suit is (4) years, the predicate acts of criminal conspiracy began on or about February of 1992, and due to the U.S. Government's vigorous opposition to the return of this illegally seized property, the unlawful conspiracy is a continuing property injury under RICO, up until the filing of the Government's reply petition dated 1-26-07!

33) The Plaintiff also respectfully argues that even if this Honorable Court were to dismiss and or issue a summary judgment in favor of the U.S. Government Defendant's, based upon a statute of limitations violation, the Plaintiff would still prevail in his RICO claim against the Defendant Wachovia Bank.

34) The monetary property injury claimed under RICO against Defendant Wachovia Bank did not begin to accrue until October 3, 2005, when the Plaintiff notified the Defendant Wachovia Bank that they were retaining the Plaintiff's monetary property in violation of statutory and constitutional law, and they refused to return this monetary property to the Plaintiff.

35) Therefore, when the Defendant Wachovia Bank decided it was going to keep possession of the Plaintiff's rightfully owned monetary property, that is when the (4) year statute of limitations had begun for purposes of a RICO claim against Defendant Wachovia Bank....

.....If the Defendant Wachovia Bank had agreed to return the $82,365.85 with interest, they would not have been in violation of RICO, and or created a personal monetary property injury under 18 U.S.C.§1964(c).

36) It was not until the Defendant Wachovia Bank refused to return the $82,365.85 to the Plaintiff, that caused them to be civilly liable under RICO. The Defendant Wachovia Bank had no legal interest in how the U.S. Government obtained the unlawfully seized $82,365.85. The Wachovia Bank was probably reimbursed by a private insurer, (not the FDIC), for their $371,000 loss back in 1990 or 1991, and Congress did not allow any victim to be compensated twice for any property loss. This Honorable Court should not permit the Wachovia Bank another financial windfall in continued retention of $82,365.85, that legally belongs to the PLaintiff.

Principles of judicial justice require nothing less than a full financial recovery of the $82,365.85 with interest.

Even though the Plaintiff is not obligated at this point in the legal proceedings, to produce any discovery materials, the Plaintiff offers Exhibit 1-9 for the Court's consideration.

Respectfully Submitted
Emanuel Brown/Plaintiff
Pro-Se

*Emanuel Brown* (signature)

P.O. Box 759 #00594-158
Minersville, Pa. 17954.

## CERTIFICATE OF SERVICE

I, Emanuel Brown, the Plaintiff, hereby certify that on this ( 5 ) day of February, 2007, q true and accurate copy of the Plaintiff's response brief to the U.S. Government's Motion to Dismiss and or Alternative Summary Judgment, was served by first class mail, postage prepaid to:

Mr. Fred E. Haynes
Asst. U.S. Attorney
555 4th Street N.W. E-4110
Washington, D.C. 20530.

Counsel for Federal Defendant's, Attorney General, Alberto Gonzales, Director of the U.S. Bureau of Prisons, Harley G. Lappin; The U.S. Probation Department; and Assistant U.S. Attorney, John W. Stone Jr., and the U.S. Justice Department.

Mr. Grady C. Frank Jr.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia. 22102.

Counsel for Wachovia Bank, N.A.

Respectfully Submitted

*Emanuel Brown*

Emanuel Brown/Plaintiff
Pro-Se
P.O. Box 759 #00594-158
Minersville, Pa. 17954.