IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Emanuel Brown, et al.,/Plaintiff

V.

Wachovia Bank, et al.,/Defendant

RECEIVED
JAN 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil No. 06-153 RMC

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT WACHOVIA BANK'S MOTION TO DISMISS:**
------------------------------------------------------------------------

On or about January 12, 2007, the Plaintiff responded to the Defendant Wachovia Bank's Motion To Dismiss. However, on January 9, 2007, this Honorable Court gave the Plaintiff until February 9, 2007 to respond to the Motion To Dismiss by Defendant Wachovia Bank. Therefore, the current Plaintiff's supplemental response is timely, and made part of the original response dated 1-12-2007. The Plaintiff believe's that this supplemental response adequately addresses the Defendant Wachovia Bank's legal argument that the Plaintiff is making a Collateral Attack on his Conviction and or Sentence. The Plaintiff states the following:

1) Where a statute specifically addresses the particular issue at hand, it is that authority, that is controlling. See, Adams V. United States ex rel. McCann, 317 U.S. 269, (1942).

2) In the instant matter, the Plaintiff has not filed a **28 U.S.C. 2255** petition, making a collateral attack to challenge the validity of the district court's restitution order.

3) The Plaintiff has not invoked **18 U.S.C. §3663(a)** for the legal proposition that he is lawfully entitled to the return of the $82,365.85 monetary property that is in the possession of the Wachovia Bank.

4) The Plaintiff invoked **18 U.S.C. §1962(a)-(b)-(C)-(d)** and **§1964 (c)**, to compel the Wachovia Bank to return the $82,365.85, with interest, because this particular monetary property rightfully and legally belongs to the Plaintiff.

5) The only reason the PLaintiff has argued that the restitution order itself is void as a matter of statutory law, is because the U.S. Government and the Wachovia Bank has taken the legal position that the Wachovia Bank is legally entitled to the continued retention of the $82,365.85, due to the restitution order.

6) The U.S. Government and the Wachovia Bank did not receive illegal possession of the Plaintiff's monetary property based only upon an alleged void restitution order, but simply because the U.S. Government decided on September 28, 1990, to ignore and or disregard the Fourth and Fifth Amendments to the U.S. Constitution.

7) The bottom line is that the Defendants has violated **18 U.S.C. §1962(a)-(b)-(c)-(d)-** and **§1964(c)**, and the Plaintiff has suffered a property injury under **18 U.S.C.§1964(c)**.

8) The Plaintiff is simply arguing that the U.S. Government and the Wachovia Bank cannot hide behind an obviously void restitution order to keep illegally seized monetary property in violation of **§1962 (a)-(b)-(c)-(d)**.

9) The U.S. Government seized this monetary property illegally on September 28, 1990, and therefore, had no legal authority to give this illegally seized monetary property to any private individual or corporation!

10) The Plaintiff believe's that this Honorable Court can allow this motion to proceed to trial, (if necessary), without even reaching the question as to whether the restitution order is lawful, because the $67,365.85 was seized illegally on 9-28-90 and retained unlawfully up until the void restitution order on July 10, 1991, in violation of **§1962(a)-(b)-(c) & (d)**.

11) Also, the Plaintiff believe's that this Honorable Court can make an independent and de novo review of the restitution order issued by a district court in another judicial district, similar to an independent review of a **18 U.S.C.§924(c)** violation in a **28 U.S.C.§2241** proceeeding.

12) The U.S. Government paid money to the Wachovia Bank as a consequence of an illegal seizure of private property, and a void restitution order, and principles of justice require no less than a full refund of that money, with interest!

Respectfully Submitted<br>Emanuel Brown/Plaintiff

(2)   *Emanuel Brown*

## CERTIFICATE OF SERVICE

I, Emanuel Brown, the Plaintiff, hereby certify that on this 24th day of January, 2007, a true and accurate copy of the Plaintiff's Supplemental response to Defendant Wachovia Bank's Motion To Dismiss, was served by first class mail, postage prepaid to:

Mr. Grady C. Frank Jr.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia. 22102.

Counsel For Wachovia Bank, N.A.

Mr. Fred E. Haynes
Asst. U.S. Attorney
555 4th Street N.W. E-4110
Washington, D.C. 20530.

Counsel for Federal Defendant's, Attorney General, Alberto Gonzales, Director of the Bureau of Prisons, Harley G. Lappin; The U.S. Probation Department; and Assistant U.S. Attorney John W. Stone Jr., and the U.S. Justice Department.

Respectfully Submitted,

*Emanuel Brown*

Emanuel Brown/Plaintiff
Pro-Se
P.O. Box 759 #00594-158
Minersville, Pa. 17954.