```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

EMANUEL BROWN,                  )
                                )
          Plaintiff,            )
                                )
     v.                         ) Civil Action No. 06-153 RMC
                                )
WACHOVIA BANK, et al.,          )
                                )
          Defendants.           )
_____)
```

REPLY MEMORANDUM IN SUPPORT OF
THE FEDERAL DEFENDANTS' MOTION TO
<u>DISMISS OR FOR SUMMARY JUDGMENT</u>

Plaintiff's opposition to the federal defendants' motion to dismiss or for summary judgment agrees that the case against Attorney General Gonzales, the U.S. Department of Justice, Director Harley G. Lappin of the Bureau of Prisons, and the "U.S. Probation Office" can be dismissed, since plaintiff, who is pro se, cannot maintain a class action.  This means that the only remaining defendants in the case are the Wachovia Bank, the Chairman of the Wachovia Bank (Kennedy Thompson), John M. Johnston, who is described by plaintiff as a former FBI agent, and Assistant U.S. Attorney John W. Stone, Jr., of the United States Attorney's Office for the Middle District of North Carolina.

The Wachovia Bank filed a motion to dismiss.  The federal defendants filed a motion to dismiss or, in the alternative, for summary judgment.  In the memorandum in support of that motion, undersigned counsel (Fred E. Haynes) primarily responsible for

this case for the federal defendants noted that he did not represent the retired FBI agent, John M. Johnston.  Given plaintiff's concession in his reply brief, the only remaining currently employed federal defendant is Mr. Stone.

   Because Mr. Stone has, after the filing of the federal defendants' motion, received a copy of the summons and complaint by mail, he is withdrawing the objection made in the motion as to the lack of proper service on him.  There remain, however, a number of other defenses that support dismissal of this case as to him.   These are:

   1.  That this Court lacks personal jurisdiction over Mr. Stone in his individual capacity (it is unclear from the amended complaint whether Mr. Stone is being sued in his official or individual capacity or both) in that no event relating to the alleged unlawful seizure and retention of the money found under plaintiff's mattress in 1990 in Philadelphia occurred in the District of Columbia.  <u>See</u> defendants' memorandum in support of their dispositive motion at pages 16-19.

   2.  That venue in this case is improper in the District of Columbia because none of the acts at issue in the case occurred in the District of Columbia and Mr. Stone is not a resident of the District of Columbia.  <u>See</u> defendants' memorandum in support of their dispositive motion at page 2.

3. That Mr. Stone, as a federal prosecutor, is entitled to absolute immunity from suit as to the allegations made in the amended complaint. These allegations relate to Mr. Stone's filing of a writ of execution that would permit the money found under the mattress in Philadelphia to be sent to the Wachovia Bank in partial satisfaction of defendant's restitution obligation. See defendants' memorandum in support of their dispositive motion at pages 11-14.

4. That plaintiff cannot use the RICO Act as a means by which to attack, collaterally, the criminal judgment in his case in the Middle District of North Carolina. See defendants' memorandum in support of their dispositive motion at page 8.

5. That to the extent that the amended complaint is a suit against Mr. Stone in his official capacity, there is no waiver of sovereign immunity that would permit the case to go forward. See defendants' memorandum in support of their dispositive motion at pages 8-9.

6. That the doctrine of collateral estoppel bars plaintiff from asserting in this case that the restitution order in his criminal judgment is invalid. See defendants' memorandum in support of their dispositive motion at page 19.

7. That the RICO Act's statute of limitations on plaintiff's claims ran many years ago. See defendants' memorandum in support of their dispositive motion at pages 18-19.

Dismissal of Mr. Stone from this case would leave only former FBI Special Agent Johnston and certain John and Jane Does as defendants. As explained in the federal defendants' memorandum in support of their dispositive motion at pages 19-20, the presence of the John and Jane Doe defendants does not preclude dismissal of the case as to them. We note that the same holds true for the allegations made against former Special Agent Johnston. For example, the RICO Act's statute of limitations has run as to his alleged conduct, and there is no evidence in the Court's docket that he has been properly served with the summons and complaint. Docket number 38 reflects that a copy of the summons and complaint was mailed by the Marshal's Service to an address in Philadelphia, PA, and that the green card attached to the envelope was signed by a James E. Robinson and returned to the Marshal's Service. There is, however, no evidence in the record that Mr. Robinson has authority to accept service of the summons and complaint on behalf of former Special Agent Johnston in his individual capacity.

For the reasons set forth above and in the memorandum in support of the federal defendants' dispositive motion, the complaint should be dismissed.

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR, D.C. Bar #498610
                                        United States Attorney

```
                    RUDOLPH CONTRERAS, D.C. Bar #434122
                    Assistant United States Attorney
                              /s/
                    FRED E. HAYNES, DC Bar #165654
                    Assistant United States Attorney
                    555 4th Street, N.W.
                    Washington, D.C. 20530
                    202.514.7201
```

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing reply memorandum in support of the federal defendants' motion to dismiss or for summary judgment to be served by first-class mail, postage prepaid, this 15th day of February, 2007, on:

> Emanuel Brown
> R00594-158
> Federal Correctional
> Institution – Schuylkill
> P.O. Box 759
> Minersville, PA 17954

>                   /s/
> Fred E. Haynes, D.C. Bar # 165654
> Assistant United States Attorney
> 555 4th Street, N.W., Room E-4110
> Washington, D.C. 20530
> (202) 514-7201