# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **EMANUEL BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-0153 (RMC)** |
| | ) | |
| **WACHOVIA BANK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

Emanuel Brown, a federal inmate proceeding *pro se*, brought this action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* He challenges the constitutionality of a restitution order imposed by the District Court in the Middle District of North Carolina as part of Plaintiff's sentence for armed bank robbery. The amended complaint named as defendants Wachovia Bank, Kennedy Thompson, Chairman of Wachovia Bank,[1] and the following federal agencies and officials: Alberto Gonzales, Attorney General of the United States, the Department of Justice ("DOJ"), Harley Lappin, Director of the Bureau of Prisons ("BOP"), the United States Probation Department, John M. Johnston, a former special agent of the Federal Bureau of Investigation ("FBI"), John W. Stone, Jr., an Assistant United States Attorney, John Doe, and Jane Doe ("Federal Defendants").[2] Plaintiff seeks return

---

[1] The United States Marshals served Mr. Thompson on December 18, 2006, but he has not filed an answer or otherwise responded to the complaint.

[2] In his response to the Federal Defendants' motion, Plaintiff states that he now seeks voluntarily to dismiss defendants Alberto Gonzales, Harley G. Lappin, the Department of Justice, and the United States Probation Department. Pl.'s Resp. ¶ 1. The Court will not

of the seized cash in the amount of $67,365.85 and an additional $15,000.00. Mr. Brown alleges

that the former amount was illegally seized from his residence in Philadelphia and applied

against his restitution obligation. The latter amount represents proceeds of a settlement in an

unrelated civil action against the BOP and was also applied to Plaintiff's restitution obligation.

On initial consideration of the complaint, this Court dismissed the case for failure

to state a claim, finding that (1) restitution was required under the Mandatory Victims Restitution

Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, *et seq.*; and (2) the Federal Defendants were

immune from suit. The Court of Appeals vacated that decision and remanded on the ground that

a prior restitution statute, the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663,

*et seq.* (1985), was in effect at the time of Plaintiff's criminal offense.[3] As directed by the

appeals court, Defendants were served a copy of the summons and amended complaint.

Wachovia Bank filed a motion to dismiss and the Federal Defendants moved for dismissal or, in

the alternative, for summary judgment.[4]

---

grant this request because (1) Plaintiff's notice is untimely under Fed. R. Civ. P. 41(a)(1) and
(2) the claims against these Defendants have been raised in prior proceedings, so that they are
subject to dismissal with prejudice. *See id.*

[3] The VWPA states that a district court "when sentencing a defendant convicted of an
offense under this title…may order…that the defendant make restitution to any victim of such
offense." 18 U.S.C. § 3663, *et seq.* (West 1985). Mr. Brown was convicted of aiding and
abetting bank robbery and armed bank robbery in violation of 18 U.S.C. § 2113(a),(d) in
connection with the theft of $371,000.00 from the Bessemer Avenue branch of Wachovia Bank
and Trust. *United States v. Brown*, No. 91-5088, 1993 WL 998, at *1 (4th Cir. Jan. 6, 1993).
Under the statute, the sentencing court could have ordered Plaintiff to pay restitution to the
victim of his offense, Wachovia Bank.

[4] Because Defendant John M. Johnston is a former employee of the FBI, he is not
represented by the United States Attorney and has not filed an answer. However, since
Plaintiff is a prisoner proceeding *in forma pauperis*, the Court can consider whether Plaintiff
has failed to state a claim against Defendant Johnston or whether Mr. Johnston is immune

I. BACKGROUND

Mr. Brown alleges that on September 28, 1990, FBI agent Johnston and other agents illegally seized $67, 365.85 in cash from his residence in Philadelphia, Pennsylvania. Am. Compl. at 2.  On March 31, 1991, in the United States District Court for the Middle District of North Carolina, Mr. Brown was convicted of armed bank robbery and use of a firearm during a crime of violence.  *United States v. Brown*, No. 91-5088, 1993 WL 998, at *1 (4th Cir. Jan. 6, 1993).  The convictions arose from the theft of $371,000.00 from a branch of the Wachovia Bank and Trust in Greensboro, North Carolina. *Id.*

On July 3, 1991, Mr. Brown was sentenced to an imprisonment term of 330 months, five years of supervised release, and ordered to pay restitution to Wachovia Bank in the amount of $303,000.00.  *See* Fed. Defs.' Mot. to Dismiss or, in Alt., for Sum. J. Exh. 3.   The sentencing judge ordered that the $67,365.85 seized from Plaintiff's residence be applied to the restitution order.  Am. Compl. at 3.  Plaintiff's conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit on January 6, 1993.  *Brown*, 1993 WL 998, at *5.

Pursuant to Fed. R. Crim. P. 41(e), Mr. Brown filed a motion for return of the money seized by the FBI.  Fed. Defs.' Mot. to Dismiss or, in Alt., for Sum. J. Exh. 2.  On July 5, 1996, the District Court for the Middle District of North Carolina denied the motion on the ground that the seized money was being applied to a valid restitution order.  *Id.*

Plaintiff filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on July 16, 1997 alleging, among other grounds, that the restitution order was in

from relief.  *See* 28 U.S.C. § 1915A.  The Court may also review the claims as they pertain to Mr. Thompson, who has also failed to file an answer in this case.

error.  *See* Fed Defs.' Mot. to Dismiss or, in Alt., for Sum. J. Exh. 3 at 12.  In denying the

motion, the District Court for the Middle District of North Carolina found that Plaintiff's

restitution claim was "conclusory" and that he had procedurally defaulted by not raising the issue

on direct appeal.  *Id.* Exh. 3 & Exh. 4.  The Fourth Circuit Court of Appeals denied Plaintiff a

certificate of appealability on this decision.  *United States v. Brown*, No. 98-6584, 1998 WL

398770, at *1 (4th Cir. July 9, 1998).   On July 26, 2005, that court also denied Plaintiff

authorization to file a successive § 2255 motion.  Fed. Defs.' Mot. to Dismiss or, in Alt., for

Sum. J. Exh. 5.

## II. ANALYSIS

Defendants move to dismiss for lack of subject matter jurisdiction, lack of

personal jurisdiction over one of the individual defendants, improper venue, and for failure to

state a claim pursuant to Fed. R. Civ. P. 12(b).  Defendants also contend that Plaintiff's suit is

barred by the statute of limitations.   The Court will address the issues raised by Defendants'

motions in turn, but first note that a complaint need only set forth a short and plain statement of

the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.

*Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C.Cir. 2003) (citing *Conley v.

Gibson*, 355 U.S. 41, 47 (1957)).   A court should not dismiss a complaint for failure to state a

claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in

support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36,

37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040.

Federal Defendants have also moved for summary judgment.  Under Rule 56 of

the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file,

4

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255.  The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Any factual assertions in the movant's affidavits will be accepted as being true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992).

## A. The Nature of Plaintiff's Claim

Federal Defendants contend that this cause of action is actually a collateral attack on Plaintiff's conviction and must be pursued in the district court where he was sentenced. Although Plaintiff has styled his complaint as one for relief under RICO, the Court is not bound by a *pro se* litigant's characterization of his cause of action.  A court must determine the proper characterization of a filing by the nature of the relief sought, *McLean v. United States*, No. 90-

318, 2006 WL 543999, at *1 (D.D.C. Mar. 3, 2006), i.e., "to create a better correspondence

between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v.

United States*, 540 U.S. 375, 381-82 (2003).[5]  Therefore, a motion functionally equivalent to a

§ 2255 motion should be construed as such, regardless of the caption on the pleading.  *United

States v. Palmer*, 296 F.3d 1135, 1145 (D.C. Cir. 2002).

      As noted above, Plaintiff claims that the restitution portion of his sentence is

unconstitutional, and he seeks the return of the funds used partially to satisfy Plaintiff's

restitution obligation to Wachovia Bank.  A federal prisoner who makes a collateral challenge to

his conviction or sentence must file a motion pursuant to § 2255.  *McLean*, 2006 WL 543999, at

*2; *Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999).  Such a motion must be made

in the sentencing court.  *Moore v. Smith*, 186 Fed. Appx. 8 (D.C. Cir. 2006) (per curiam);

*Simmons v. Beshouri*, No. 06-380, 2006 WL 751335, at *1 (D.D.C. Mar. 23, 2006).[6]

      Plaintiff was sentenced in the United States District Court for the Middle District

---

[5] The *Castro* decision held that a court cannot recharacterize a *pro se* motion as an initial § 2255 motion without first notifying the litigant of its intent to recharacterize the pleading, warn the litigant of the recharacterization's effect on restrictions for "second or successive" motions, and offer the party an opportunity to withdraw or amend his pleading. *Castro*, 540 U.S. at 383. Once these warnings have been given to the litigant, however, they need not be provided for all subsequent pleadings because the litigant has had notice of the consequences of a pleading being construed as a § 2255 motion. The *Castro* requirements are not necessary in cases, such as the present one, where the court is recharacterizing a pleading as a second or successive § 2255 motion. *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005); *United States v. Atkins*, No. 89-0037, 2006 WL 1071466, at *1 n. 3 (D.D.C. Apr. 21, 2006).

[6] The one exception to this rule is if the remedy in the sentencing court is "inadequate or ineffective." 28 U.S.C. § 2255 ¶5. The fact that Plaintiff's prior motion was unsuccessful in the Middle District of North Carolina does not render his § 2255 remedy inadequate or ineffective. *See Johnson v. Robinson*, 509 F.2d 395, 397 (D.C. Cir. 1974); *Boyer v. Conaboy*, 983 F.Supp. 4, 8 (D.D.C. 1997).

of North Carolina. He filed an unsuccessful § 2255 motion in that court. Before a second or

successive motion to set aside, vacate, or correct sentence can be considered by a district court,

the movant must first seek an order authorizing the filing of the motion from the Court of

Appeals. 28 U.S.C. § 2244(b)(3)(A) & § 2255. A district court lacks jurisdiction to consider a

second or successive motion in the absence of certification from the circuit court. *Moore v. DOJ*,

No. 98-5085, 1998 WL 545421, at * 1 (D.C. Cir. July 17, 1998); *Hudson v. United States*, No.

97-5140, 1998 WL 315593, at *1 (D.C. Cir. May 29, 1998). Therefore, Plaintiff's present action

can only be considered by the Fourth Circuit Court of Appeals.

### B. RICO Claim

Even if this Court were not to construe the present cause of action as a § 2255

motion, the case is still subject to dismissal on a number of other grounds. First, RICO states, in

relevant part, that "[i]t shall be unlawful for any person employed by or associated with any

enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct

or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern

of racketeering activity." 18 U.S.C. § 1962(c). A victim of a RICO enterprise may pursue civil

remedies. *Id.* § 1964. To survive a motion to dismiss, a plaintiff bringing a civil RICO claim

must allege that (1) a person or persons (2) associated with an enterprise (3) conducted (4) the

affairs of the enterprise (4) through a pattern (5) of racketeering activity. *Bates v. Nw. Human*

*Servs., Inc.*, 466 F. Supp. 2d 69, 78 (D.D.C. 2006) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473

U.S. 479, 496 (1985)). Such an enterprise must be proved by evidence of an ongoing

organization, formal or informal, and by evidence that the various associates comprising the

enterprise function as a continuing unit. *Id.*

7

The central allegations of the amended complaint are that the FBI illegally seized the proceeds of a bank robbery from Plaintiff's residence. The money was then turned over by the federal government to Wachovia Bank as a partial payment of the court-ordered restitution, and Wachovia Bank did not respond to Plaintiff's request for return of the money.

Mr. Brown's allegations clearly do not constitute a viable civil RICO claim. Morever, the actions alleged in the amended complaint occurred between 1990 and 1992. *See generally* Am. Compl. This case was filed in 2006. Dismissal based on the statute of limitations is appropriate when the facts giving rise to that affirmative defense are clear from the face of the complaint. *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998); *Johnson v. Ashcroft*, No. 04-1158, 2005 WL 2073752, at *4 (D.D.C. Aug. 17, 2005). "[B]ecause statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).

RICO has a four-year statute of limitations that commences on the date the plaintiff discovered or should have discovered the injury. *Rotella v. Wood*, 528 U.S. 549, 553 (2000). Plaintiff filed this action well beyond the limitations period and thus his claim cannot proceed against any of the Defendants.

## C. Sovereign Immunity

Federal Defendants contend that the doctrine of sovereign immunity bars Plaintiff's claim under RICO. Sovereign immunity is a jurisdictional issue. *Brown v. Sec'y of Army*, 78 F.3d 645, 648 (D.C. Cir. 1996). If the United States has not waived sovereign immunity, the court must dismiss for lack of jurisdiction. *First Va. Bank v. Randolph*, 110 F.3d

75, 77 (D.C. Cir. 1997). A plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Felter v. Norton*, 412 F. Supp. 2d 118, 122 (D.D.C. 2006) (citation and quotation omitted).

_____      The United States is immune from suit absent its explicit consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *Kugel v. United States*, 947 F.2d 1504, 1506 (D.C. Cir. 1991). Sovereign immunity bars all suits against the United States, its agencies, and federal employees in their official capacities, except where there has been a statutory waiver of immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States "may not be sued without its consent" and "the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A waiver of "sovereign immunity must be unequivocally expressed in [the] statutory text" and will not be implied. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005) (citations omitted). The scope of a sovereign immunity waiver is to be strictly construed in favor of the sovereign. *Dep't of the Army v. Blue Fox*, 525 U.S. 255, 261 (1999). The sovereign's consent to a particular remedy must also be unambiguous. *Dep't of the Army v. Fed. Labor Relations Auth.*, 56 F.3d 273, 277 (D.C. Cir. 1995).

RICO does not contain a waiver of sovereign immunity by the federal government. *Pieczenik v. Domantis*, 120 Fed. Appx. 317, 320 (Fed. Cir. 2005); *Berger v. Pierce,* 933 F.2d 393, 397 (6th Cir. 1991); *Stich v. U.S. Dep't of Justice*, No. 86-2523, 1987 WL 9237, at *2 (Mar. 27, 1987). Because the federal agencies are entitled to sovereign immunity, the claims for damages against individual federal employees in their official capacities likewise must be dismissed. *Weakes v. FBI-MPD Safe Streets Task Force*, No. 05-595, 2006 WL 212141, at *2

9

(D.D.C. Jan. 27, 2006).   As a result, the claims against the Defendants Department of Justice,

United States Probation Department, and the individually-named defendants Alberto Gonzales,

Harley Lappin, John W. Stone, Jr. and John M. Johnston in their official capacities will be

dismissed.[7]   Moreover, since Plaintiff also has not alleged that either Mr. Gonzales or Mr.

Lappin were personally involved in the alleged unconstitutional conduct, any claims against them

in their individual capacities are subject to dismissal.  *See Simpkins v. Dist. of Columbia Gov't*,

108 F.3d 366, 369 (D.C. Cir. 1997).

### D. Absolute Immunity

Plaintiff claims that Defendant Stone, an Assistant United States Attorney,

violated his constitutional rights by filing a writ of execution.  The writ was issued as a lien

against the bank robbery proceeds discovered by the FBI in plaintiff's residence.[8]  That money

was later used in partial satisfaction of Plaintiff's restitution obligation to Wachovia Bank.

Plaintiff claims that Mr. Stone knew or should have known that the restitution order was

unconstitutional.  Defendant Stone asserts that he is entitled to absolute immunity for his actions.

Where absolute immunity applies, an official is protected from all suits

challenging conduct within the scope of the immunity.  *Gray v. Poole*, 243 F.3d 572, 575 (D.C.

Cir. 2001).  Some officials perform "special functions ... which deserve absolute protection from

---

[7] Defendants "John Doe" and "Jane Doe" will also be dismissed because they cannot be effectively served in order to confer jurisdiction over them in this Court.  *See Olaniyi v. Dist. of Columbia*, 416 F. Supp. 2d 43, 50 (D.D.C. 2006); *M.K. v. Tenet*, 99 F. Supp. 2d 12, 17 (D.D.C. 2000).

[8] A restitution order is enforceable as a lien upon all of a defendant's property at the time the criminal judgment is entered.  *Auclair v. Sher*, 63 F.3d 407, 409 (5th Cir. 1995); *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993).

damages liability." *Buckley v. Fitzsimmons*, 509 U.S. 259, 260 (1993). In determining whether absolute immunity applies, the court is to apply a "functional approach" that examines the nature of the function performed by the official, rather than his or her title. *Id.* at 269. The official claiming the immunity "bears the burden of showing that such immunity is justified for the function in question." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 n. 4 (1993) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Prosecutors are absolutely immune from civil suits for damages arising from the performance of their official duties. *Imbler v. Pachtman*, 424 U.S. 409, 422-24 (1976). Actions taken in the course of prosecuting the criminal case against plaintiff, such as initiating criminal proceedings and presenting evidence at criminal trials, are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. "[C]oncern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust," *id.* at 423, supports a rule of absolute immunity for conduct of prosecutors. *Id.* at 430.

Mr. Stone's actions regarding the restitution issue were taken within the scope of duties "'intimately associated with the judicial phase of the criminal process.'" *Buckley*, 509 U.S. at 270 (citing *Imbler*, 424 U.S. at 430). Plaintiff's claim against him is thus barred by prosecutorial immunity.

### E. Collateral Estoppel

As noted above, Plaintiff has unsuccessfully challenged the legality of the restitution order in the federal courts of North Carolina. Plaintiff filed a motion for return of

property, i.e., the money seized from his residence, under Fed. R. Crim. P. 41(e) in District

Court, and the court found that the writ of execution and restitution order were proper and

Plaintiff's claim without merit.  Fed. Defs.' Mot. to Dismiss or, in Alt., for Sum. J., Exh. 2.

Plaintiff also challenged the restitution order through a § 2255 motion.  The District Court denied

relief on the grounds of procedural default and on the merits.  *Id.* Exh. 3 at 12-13.   That decision

was affirmed by the Fourth Circuit Court of Appeals.  *Brown*, 1998 WL 398770, at *1.

 Under the doctrine of collateral estoppel, once a court has decided an issue of fact

or law necessary to its judgment in a case, that decision may preclude relitigation of the issue in a

suit on a different cause of action involving a party to the earlier case.  *Allen v. McCurry*, 449

U.S. 90, 94 (1980); *GAF Corp. v. United States*, 818 F.2d 901, 911 (D.C. Cir. 1987); *Elliott v.*

*FDIC*, 305 F. Supp. 2d 79, 83-84 (D.D.C. 2004).  In order for collateral estoppel to apply, (1) the

issue must have actually been litigated, i.e., contested by the parties and determined by the court;

(2) the issue must have been necessary to the court's disposition of the case; and (3) the

relitigation bar in the second action must not create an unfairness against the party as to whom

the issue preclusion would be imposed.  *United States v. TDC Mgmt. Corp.*, 24 F.3d 292, 295

(D.C. Cir. 1994); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 57 (D.D.C. 2004).

 Plaintiff's claim is foreclosed by his previous litigation of the issue.  A later civil

action may be barred by the doctrine of collateral estoppel when a plaintiff seeks to raise an issue

rejected in a previous criminal proceeding or habeas action.  *Maietta v. Artuz*, 84 F.3d 100, 102

n. 1 (2nd Cir. 1996); *Vennes v. An Unknown Number of Unidentified Agents of the United States*,

26 F.3d 1448, 1453 (8th Cir. 1994); *Wade v. Hopper*, 993 F.2d 1246, 1252 (7th Cir. 1993);

*Hawkins v. Risley*, 984 F.2d 321, 325 (9th Cir. 1993); *Evanston v. United States*, 878 F.Supp. 1,

3 (D.D.C. 1995); *see also Allen*, 449 U.S. at 105 (applying collateral estoppel to 42 U.S.C.

§ 1983 action based on factual claims litigated in earlier criminal trial). The doctrine of collateral

estoppel applies here. Having litigated the issue of his restitution order, Plaintiff is not permitted

to relitigate his constitutional claim yet again here.

### F. Personal Jurisdiction

Defendant Stone moves for dismissal for lack of personal jurisdiction. A Plaintiff

bears the burden of establishing personal jurisdiction over each defendant. *Atlantigas Corp. v.

Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003). In order to meet his burden, a plaintiff

must allege specific facts on which personal jurisdiction can be based; he cannot rely on

conclusory allegations. *Id.* Furthermore, a plaintiff cannot aggregate allegations concerning

multiple defendants in order to demonstrate personal jurisdiction over any individual defendant.

*Id.* However, a plaintiff need only make a *prima facie* case for personal jurisdiction to survive a

motion to dismiss. *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir.

1988).

In deciding a motion to dismiss for lack of personal jurisdiction under Fed. R.

Civ. P. 12(b)(2), the Court need not treat the Plaintiff's allegations as true. *Atlantigas Corp.*, 290

F. Supp. 2d at 42. Rather, the Court may consider and weigh affidavits and other relevant matter

in making the jurisdictional determination. *Id.* Hence, a court may consider materials outside

the pleadings in ruling on a motion to dismiss for lack of personal jurisdiction. *Artis v.

Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002).

Mr. Stone is an Assistant United States Attorney in North Carolina. Plaintiff does

not allege that Mr. Stone was or is domiciled in the District. Plaintiff therefore has not

established personal jurisdiction based on residence here.

The District of Columbia long-arm statute, D.C. Code § 13-423, then, is the only basis upon which personal jurisdiction may be exercised over defendants who do not reside within or maintain a place of business in the District of Columbia. *See Reuber v. United States*, 750 F.2d 1039, 1040 (D.C. Cir. 1984); *Robertson v. Merola*, 895 F.Supp. 1, 3 (D.D.C. 1995). The long-arm statute provides that a Court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C. Code § 13-423(a)(1)-(4)(2006).

Defendants are subject to personal jurisdiction in the forum if they purposely "establish minimal contacts" such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). For there to be personal jurisdiction under the long-arm statute, a plaintiff must allege some specific facts evincing purposeful activity by the defendant in the District of Columbia, by which he invoked the benefits and protections of its laws, and specific acts connecting the defendant with the forum. *See Cellutech v. Centennial Cellular Corp.*, 871 F.Supp. 46, 48 (D.D.C. 1994). A defendant must "reasonably anticipate "being haled into" a plaintiff's chosen forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff has made no allegation that Mr. Stone has engaged in "business" activities in the District or that he could have anticipated being haled into court here. Therefore,

the Court finds that it lacks personal jurisdiction over Defendant Stone.

### G. Venue

Defendants also move to dismiss the complaint based on improper venue.  In ruling on such a motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002); *2215 Fifth St. Assocs. v. U Haul Int' l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001). The Court, however, need not accept the Plaintiff's legal conclusions as true.  *2215 Fifth St. Assocs.*, 148 F. Supp. 2d at 54.   To prevail on a motion to dismiss for improper venue, a defendant must present facts that will defeat a plaintiff's assertion of venue. *Id.*

Where, as here, the Court's jurisdiction is not based solely on diversity of citizenship, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).   The purpose of venue statutes is to protect "'a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred.'" *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53 (D.D.C. 2006) (quoting *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1576 (Fed. Cir. 1990)).

The venue requirements are liberally interpreted in this district.  *El-Bey v. United States*, No. 04-1231, 2004 WL 2418306, at *2 (D.D.C. Sept. 28, 2004).  Venue is proper if the

"activities that transpired in the forum district were not insubstantial in relation to the totality of the events" alleged by a plaintiff.  *Lamont v. Haig*, 590 F.2d 1124, 1134 n. 62 (D.C. Cir. 1978).  Nevertheless, venue challenges should be examined carefully to ensure that a party is not manufacturing venue in the District of Columbia.  *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

Venue is improper in this district because none of the events relevant to this case occurred in the District of Columbia.   Plaintiff's claims concern his criminal prosecution in North Carolina.  This judicial district has no connection to the actions alleged by Plaintiff.  Based on the language of the statute and the relevant events of this case, the Court concludes that venue is not proper in this district.

### III.  CONCLUSION

For the reasons stated above, Defendants' motions will be granted.  A separate order accompanies this Memorandum Opinion.


_____/s/_____
ROSEMARY M. COLLYER
United States District Judge


DATE:  May 10, 2007

16