UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMANUEL BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-153 RMC |
| ) | |
| WACHOVIA BANK, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

THE FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59

By a memorandum opinion and order filed on May 10, 2007, the Court dismissed this case. On May 31, 2007, plaintiff filed a Rule 59(e) motion to alter or amend the judgment and also a notice of appeal. In light of the filing of the notice of appeal, this opposition to plaintiff's motion will first address whether the Rule 59(e) motion was timely filed and, assuming that the Rule 59(e) motion was timely, whether this Court retains jurisdiction to rule on the motion, despite plaintiff's simultaneous filing of a notice of appeal. Since we conclude that this Court does retain jurisdiction, the memorandum will next address the merits of the motion and will explain why the motion to alter or amend the judgment should be denied.[1]

Where there is a timely-filed Rule 59(e) motion, the filing of a notice of appeal while such a motion is pending does not divest the district court of jurisdiction to decide the Rule 59(e)

___

[1] As we explain in this memorandum, retired FBI Special Agent John M. Johnston has not been properly served with a summons and complaint, and there is no basis for this Court to exercise personal jurisdiction over him. Consequently, he has not waived any defenses that are available to him in his personal capacity, including the defense of qualified immunity. We are appearing on his behalf in connection with this opposition to the Rule 59(e) motion only to the extent that the complaint and the amended complaint may be interpreted to seek relief against him in his official capacity.

motion. Under Federal Rule of Appellate Procedure 4(a)(B)(I), when a notice of appeal is filed before the disposition by the district court of a timely-filed Rule 59(e) motion, the notice of appeal "becomes effective" when the district court decides the Rule 59(e) motion.

This Court's retention of jurisdiction depends on a finding that plaintiff's Rule 59(e) motion was timely filed. Such a motion must be filed within ten business days of the entry of the district court's judgment. Here, the Rule 59(e) motion was filed one day after the expiration of the ten business-day period. Plaintiff states, however, that he did not receive a copy of the Court's May 10 decision until May 18, 2007, and that he put the Rule 59(e) motion in the prison's legal mailbox on May 29, 2007. He contends that the motion was, therefore, timely. Given the fact that the motion was received by the Clerk's Office on May 31, there is no reason to doubt plaintiff's statement concerning service.

Whether plaintiff's May 29, 2007, service of the Rule 59(e) motion qualifies also as the date of filing of that motion, requires consideration of the so-called "prison mailbox rule." This rule was first articulated by the Supreme Court in Houston v. Lack, 487 U.S. 266, 276 (1988). There, the Court held that the placing of a notice of appeal in the prison mail system constituted the date of filing, given the difficulties that prisoners encounter in meeting the filing deadline for notices of appeal. The rule of Houston v. Lack is now incorporated in Fed. R. App. P. 4(c).[2]

Since Houston v. Lack, the prison mailbox rule has been extended by appellate courts to more than the notice of appeal. See Price v. Philpot, 420 F.3d 1158) (10 Cir. 2005) (collecting

---

[2] It does not appear that the "prison mailbox rule" is inconsistent with the Supreme Court's recent decision in Bowles v. Russell, __ U.S. __, 2007 WL 1702870 ( June 14, 2007), holding that statutes governing the time for filing a notice of appeal are jurisdictional and any such filing must fit within the statutory limits.

2

cases, at 420 F.3d 1163-66); Walker v. Jastremski, 430 F. 3d 560, 562-564 (2d Cir. 2005)(citing cases addressing the applicability of the prison mailbox rule). There are limits to the applicability of the prison mailbox rule. See Longenette v. Krusing, 322 F.3d 758, 761-64 (3d Cir. 2003)(noting that the prison mailbox rule would not apply to administrative proceedings where there is a clear statutory or regulatory scheme that precludes application of the rule). To qualify under the rule, the courts have spelled out procedural steps that the prisoner should take. Given the timing of the receipt by the Clerk's Office of plaintiff's Rule 59(e) motion, one day after the expiration of the ten business day requirement, it is patently clear that the motion must have been placed in the prison mail prior to the expiration of the ten-day period. In a case such as this one, given plaintiff's certificate of service and the discussion in his motion of the time of filing, we do not challenge the timeliness of his Rule 59 motion.

Turning to the merits of the motion, we first note that plaintiff's motion argues that retired Special Agent Johnston and the President of Wachovia Bank should be held in contempt because they were served with the summons and complaint by certified mail and did not thereafter enter their appearances in this case. When a person has been properly served with a summons and complaint and when the court has personal jurisdiction over that person, the remedy for failure to answer or appear is not a contempt action; it is the entry of a default judgment.

Entry of a default judgment depends on proof by plaintiff that proper service has been made and that the district court has personal jurisdiction over the defendant. The general rule is that the plaintiff has the burden of establishing personal jurisdiction. Reuber v. United States, 750 F.2d 1039, 1050 (D.C. Cir. 1984). Plaintiff, a federal prisoner, has relied on the Marshals

3

Service to make service of process upon retired FBI Special Agent John M. Johnston. (Since Mr. Johnston is a retired special agent and since he is being sued over events that took place in 1990 while he was carrying out his official duties, this memorandum addresses the defects in service as to him; we note that there appear to be similar defects in service upon the President of Wachovia Bank.)

The record, docket entry number 36, shows that a copy of the summons and complaint was mailed, by certified/registered mail, to "John M. Johnston, FBI-Special Agent, 601 Market Street, Philadelphia, PA 19106." The return-receipt card shows that a James E. Robinson signed for the letter. The Court may take judicial notice that 601 Market Street in Philadelphia is the United States Courthouse, not the FBI field office. The complaint in this case states that at the time the action was initiated, Mr. Johnston was retired from the FBI. See count 1 of the amended complaint. As explained below, this does not constitute proper service.

It is well-established that, in an action against a federal employee in an individual capacity, the individually-sued defendant must be served with process in accordance with rules applicable to individual defendants. See Simpkins v. District of Columbia Govt., 108 F.3d 366 (D.C. Cir. 1997); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Navy, Marshall & Gordon v. U.S. Int'l Dev.-Corp. Agency, 557 F. Supp. 484, 489 (D.D.C. 1983); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989).

Rule 4 requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. Lawrence, 79 F.R.D. at 670; Delgado, 727 F. Supp. at 27; see Simpkins, 108 F.3d 366 (defendants in Bivens action must be

4

served pursuant to Rule 4(e)).

Where, as here, a plaintiff seeks relief against a retired federal employee in an individual capacity for his actions while a federal employee, the court must acquire personal jurisdiction in order to enter a binding judgment, Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984); Griffith v. Nixon, 518 F.2d 1195 (2d Cir.), cert. denied, 423 U.S. 995 (1975). In order for the United States District Court for the District of Columbia to have personal jurisdiction over a nonresident defendant (undersigned counsel Fred E. Haynes certifies pursuant to Fed. R. Civ. P. 11 that Mr. Johnston is not a resident of the District of Columbia, and there is no allegation in the complaint that he is resides in the District of Columbia), the events giving rise to the case must have occurred here or there must be some basis for jurisdiction under the District of Columbia's long-arm statute, D.C. Code section 13-423, or otherwise. Plaintiff bears the burden of pleading the facts necessary to substantiate personal jurisdiction in this Court, see Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990); Novak-Canzeri v. Saud, 864 F. Supp. 203, 205 (D.D.C. 1994), and he has not done so.

The rules of the Superior Court, which may be relied upon to make service in this case, do provide for service by certified mail, return-receipt requested. Superior Court Civ. P. R. 4(c)(3). Where this provision applies, the rule requires that an affidavit be submitted that specifies the actions taken to serve the complaint by certified mail. Of particular interest, the rule requires that, where the person signing the return-receipt is not the defendant, the affidavit must set forth specific facts showing that the person who signed the return-receipt meets the qualifications for receipt of service of process under the rules. Superior Court Civ. P R. 4(l)(2). This has not been done.

5

For the reasons set forth above, plaintiff's Rule 59(e) motion should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMANUEL BROWN,<br><br>      Plaintiff,<br><br>  v.<br><br>WACHOVIA BANK, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 06-153 RMC<br>)<br>)<br>)<br>) |

## ORDER

UPON CONSIDERATION of plaintiff's motion under Fed. R. Civ. P. 59(e) and the opposition thereto, it is this ____ day of _____, 2007,

ORDERED that the motion is denied. This is a final, appealable order.

                                          UNITED STATES DISTRICT JUDGE

Copies to plaintiff pro se and to counsel for defendants.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing memorandum in opposition to plaintiff's motion for relief under Fed. R. Civ. P. 59(e) to be served by first-class mail, postage prepaid, this 14th day of June, 2007, on:

    Emanuel Brown
    R00594-158
    Federal Correctional
    Institution – Schuylkill
    P.O. Box 759
    Minersville, PA 17954

/s/ Fred E. Haynes
Fred E. Haynes, D.C. Bar # 165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
(202) 514-7201