UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EMANUEL BROWN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-153 (RMC) |
| WACHOVIA BANK, *et al.*, | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Emanuel Brown, a federal inmate proceeding *pro se*, brought this action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* The factual basis for his claim concerns the constitutionality of the restitution order imposed by the District Court in the Middle District of North Carolina as part of Plaintiff's sentence for armed bank robbery. The amended complaint named as defendants Wachovia Bank, Kennedy Thompson, Chairman of Wachovia Bank, and the following federal agencies and officials: Alberto Gonzales, Attorney General of the United States, the Department of Justice ("DOJ"), Harley Lappin, Director of the Bureau of Prisons ("BOP"), the United States Probation Department, John M. Johnston, a former special agent of the Federal Bureau of Investigation ("FBI"), John W. Stone, Jr., an Assistant United States Attorney, John Doe, and Jane Doe ("Federal Defendants"). Plaintiff seeks return of the seized cash in the amount of $67,365.85 and an additional $15,000.00. The latter amount represents proceeds of a settlement in an unrelated civil action against the BOP and was applied to Plaintiff's restitution obligation.

On initial consideration of the complaint, this Court dismissed the case for failure to state a claim, finding that (1) restitution was required under the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, *et seq.*; and (2) the Federal Defendants were immune from suit. The Court of Appeals vacated that decision and remanded on the ground that a prior restitution statute, the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, *et seq.* (1985), was in effect at the time of Plaintiff's criminal offense. As directed by the appeals court, Defendants were served a copy of the summons and amended complaint. Wachovia Bank filed a motion to dismiss and the Federal Defendants moved for dismissal or, in the alternative, for summary judgment.

The Court granted Defendants' motions, ruling (1) Plaintiff's cause of action was a 28 U.S.C. § 2255 action that must be brought in the Fourth Circuit Court of Appeals; (2) Plaintiff's RICO claim was barred by the statute of limitations; (3) Plaintiff's claims against the Department of Justice and its employees in their official capacities were subject to sovereign immunity; (4) Assistant United States Attorney Stone was entitled to absolute immunity; (5) Plaintiff's claim could not be relitigated under the doctrine of collateral estoppel; (6) the Court lacked personal jurisdiction over Defendant Stone; and (7) venue is not proper in this district. Plaintiff now moves to alter or amend the judgment and for a default judgment against Defendants Johnston and Thompson.

## I. BACKGROUND

Mr. Brown alleges that on September 28, 1990, FBI agent Johnston and other agents illegally seized $67, 365.85 in cash from his residence in Philadelphia, Pennsylvania. Am. Compl. at 2. On March 31, 1991, in the United States District Court for the Middle District of North Carolina, Mr. Brown was convicted of armed bank robbery and use of a firearm during a crime of

2

violence. *United States v. Brown*, No. 91-5088, 1993 WL 998, at *1 (4th Cir. Jan. 6, 1993). The convictions arose from the theft of $371,000.00 from a branch of the Wachovia Bank and Trust in Greensboro, North Carolina. *Id.*

On July 3, 1991, Mr. Brown was sentenced to an imprisonment term of 330 months, five years of supervised release, and ordered to pay restitution to Wachovia Bank in the amount of $303,000.00. Fed. Defs.' Mot. to Dismiss or, in Alt., for Sum. J. Exh. 3. The sentencing judge ordered that the $67,365.85 seized from Plaintiff's residence be applied to the restitution order. Am. Compl. at 3. Plaintiff's conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit on January 6, 1993. *Brown*, 1993 WL 998, at *5.

Pursuant to Fed. R. Crim. P. 41(e), Mr. Brown filed a motion for return of the money seized by the FBI. Fed. Defs.' Mot. to Dismiss or, in Alt., for Sum. J. Exh. 2. On July 5, 1996, the District Court for the Middle District of North Carolina denied the motion on the ground that the seized money was being applied to a valid restitution order. *Id.*

Plaintiff filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on July 16, 1997 alleging, among other grounds, that the restitution order was in error. Fed Defs.' Mot. to Dismiss or, in Alt., for Sum. J. Exh. 3. In denying the motion, the District Court for the Middle District of North Carolina found that Plaintiff's restitution claim was conclusory and that he had procedurally defaulted by not raising the issue on direct appeal. *Id.* Exh. 3 & Exh. 4. The Fourth Circuit Court of Appeals denied Plaintiff a certificate of appealability on this decision. *United States v. Brown*, No. 98-6584, 1998 WL 398770, at *1 (4th Cir. July 9, 1998). On July 26, 2005, that court also denied Plaintiff authorization to file a successive § 2255 motion. Fed. Defs.' Mot. to Dismiss or, in Alt., for Sum. J. Exh. 5.

## II. ANALYSIS

The resolution of a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is a matter of the court's discretion and "need not be granted unless the [court] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (internal quotation marks and citation omitted). "[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories or arguments that could have been advanced earlier." *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F.Supp.2d 138, 140 (D.D.C. 2003) (internal quotation marks and citations omitted). "While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." *Fresh Kist Produce*, 251 F. Supp. 2d. at 140 (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)).[1]

Plaintiff contends that Defendants Johnston and Thompson violated the Federal Rules of Civil Procedure by not filing an answer to the complaint. *See* Pl.'s Motion for Default J. [Dkt. #44]. He also asserts that Defendants Wachovia Bank and Thompson failed to comply with Rule 11(a) of the Federal Rules of Civil Procedure because the attorney did not sign the original motion to dismiss. *See* Pl.'s Reply in Supp. of Mot. for Default J. [Dkt. #52]. Plaintiff states that these

---

[1] In response to the Court's order dismissing the case, Plaintiff filed a notice of appeal on July 11, 2007. *See* [Dkt. #55]. A district court has jurisdiction to deny, but not grant, a Rule 59(e) motion while an appeal is pending. *Leadership Conference on Civil Rights v. Gonzales*, 421 F.Supp.2d 104, 107 (D.D.C. 2006). Moreover, a Rule 59(e) motion renders ineffective any notice of appeal filed before its disposition. *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991); *see* Fed. R. App. P. 4(a)(4)(A) (time to appeal runs from entry of order disposing of motion to alter or amend under Rule 59).

Defendants should be prosecuted for contempt pursuant to 18 U.S.C. § 402. *See* Motion for Leave to Appeal [Dkt. #55].

Because Plaintiff proceeded *in forma pauperis*, service of process was performed by the United States Marshal. *See* 28 U.S.C. § 1915(d). The summons for Defendant Johnston was served at the address provided by Plaintiff, the FBI field office in Philadelphia, Pennsylvania. *See* [Dkt. # 36]. At the time of the filing of the complaint, Defendant Johnston was retired from the FBI. *See* Am. Compl. at 2 [Dkt. #17].

The party on whose behalf service is made has the burden of establishing its validity and must demonstrate that the procedure satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). A district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process. *Barmes v. Nolan*, 123 Fed. Appx. 238, 239 (7th Cir. 2005). Even a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Clariett v. Rice*, No. 04-2250, 2005 WL 3211694, at *4 (D.D.C. Oct. 18, 2005); *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).

To properly serve a federal government employee in an official or individual capacity, a party is required to deliver a copy of the summons and complaint to (1) the officer or employee; (2) the United States Attorney for the district in which the action is brought; and (3) the Attorney General of the United States in Washington. *See* D.C. Fed. R. Civ. P. 4(i)(1); *Paolone v. Mueller*, No. 05-2300, slip op. at *3 (D.D.C. Aug. 11, 2006). In addition to these requirements, if a federal employee is sued in his individual capacity, a copy of the summons and complaint must be delivered to the defendant personally or left at his "dwelling house or usual place of abode." Fed. R. Civ. P. 4(e) & 4(i)(2)(B).

Defendant Johnston was not properly served. Moreover, the Court has already concluded that Plaintiff failed to state a claim against Defendant Johnston and that Mr. Johnston is immune from relief. *See* May 10, 2007 Mem. Op. at 9-10 [Dkt. #40]. There is no basis for Plaintiff's reconsideration motion.

Plaintiff contends that the motion to dismiss filed by Wachovia Bank and Thompson should be stricken because it was not signed as required by Rule 11(a) of the Federal Rules of Civil Procedure. This argument lacks merit. The motion to dismiss was filed electronically and bears the electronic signature of the attorney. *See* [Dkt. #48]. "A court may by local rule permit papers to be filed, signed, or verified by electronic means …" Fed. R. Civ. P. 5(e). This court has a local rule which permits filing, signing, and verification by electronic means. *See* LCvR 5.4.

Plaintiff also moves for a default judgment against Defendants Johnston and Thompson. When a defendant has failed to plead or otherwise defend against the complaint a default judgment may be entered by the Court. *See* Fed. R. Civ. P. 55. A default judgment is usually appropriate only when a party has been totally unresponsive. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980); *Savage v. Scales*, 310 F.Supp.2d 122, 127 (D.D.C. 2004). As noted above, Defendant Johnston has not been properly served. Although Defendant Thompson has not filed an answer, the Court has determined that Plaintiff has failed to state a claim against him. There is no basis for the entry of a default judgment.

### III. CONCLUSION

For the foregoing reasons, the Court will deny the Plaintiff's Motion to alter or amend judgment and will also deny Plaintiff's Motion for Default Judgment against Defendants

Johnston and Thompson.  A separate Order accompanies this Memorandum Opinion.


                                                                           _____/s/_____
                                                      ROSEMARY M. COLLYER
                                                      United States District Judge

DATE: August 3, 2007